# CHARLESTOWN

## Cresap *v.* Kemble.

### AND

## Kemble *v.* Cresap *et al.*

Submitted June 12, 1885.—Decided September 26, 1885.

1. If the court has no jurisdiction, it will dismiss a bill on the hearing, although there was no demurrer to the bill. (p. 606.)

2. A court of equity has no jurisdiction to settle the title and boundaries of land, when the plaintiff has no equity against the party, who is holding the land. (p. 606.)

3. To warrant the interference of a court of equity to restrain a trespass on land, two conditions must co-exist: *first*, the plaintiff's title must be undisputed or established by legal adjudication; and *second*, the injury complained of must be irreparable in its nature, unless there exist other grounds of equity. (p. 606.)

4. It is not sufficient in such case, that the bill contain general allegations of irreparable injury; the facts constituting such injury must be set forth. (p. 606.)

The facts of the case appear in the opinion of the Court.

*A. F. Haymond* for appellant.

*J. Brannon* and *J. A. Brown* for appellee.

JOHNSON, PRESIDENT:

At February rules, 1882, the plaintiff, Ruhama Cresap, filed her bill in the circuit court of Preston county against Catharine Carroll, afterwards Catharine Kemble, in which she alleged title to certain land in her bill described, situated in said Preston county. She also alleged, that " a part of her said land was in the woods, and that there was a coal-bank opened on said land." The bill charges, that the defendant, Catharine Carroll, " is advised and is preparing to enter on said land and drive your oratrix and her hands out of her enclosure, and cut and sell the timber and run the coal-bank," while she was restrained by an injunction until the title to the land could be tried; that she is advised, " that said Catharine Carroll has not now nor ever had a deed or paper-title to said land, but claims it by virtue of repeated trespasses on the same;" that " the land in dispute is timber land with a small vein of coal on it, and if said Catharine Carroll and her hands are permitted to consume the same while she is enjoined, there will be little left to dispute about; that she is advised, " that it is the province of a court of chancery to direct an issue in such a case as the present in the form of an ejectment, the only real action now left us to definitely try and settle the title to lands." She prayed an injunction, which was granted by the judge in vacation on January 16, 1882, and is endorsed on the bill. There is no allegation of insolvency in the bill nor any allegations, which show that irreparable injury would result, if the injunction were not granted.

The injunction referred to in said bill was granted by the judge of the circuit court of Preston county on July 12, 1880, which was endorsed on a bill filed by Catherine Carroll against Gustavus Cresap, Ruhama Cresap and Gustavus J.

Cresap, in which the plaintiff alleges title to the same tract of land, and that it is covered with valuable white oak and other timber, and charges that defendants are engaged in cutting said white oak timber and manufacturing the same into boards, rails, &c. and are cutting and removing timber therefrom, and thus committing great waste on the said land "to the irreparable damage of your oratrix"; that said land is valuable principally on account of the large and fine white oak timber thereon; that the said trespasses are destructive of the substance of the property and of what gives said property its chief value or a material part thereof, and that the injury actual and threatened is irreparable and not capable of pecuniary compensation; that plaintiff has instituted and has now pending on the law side of the court an action of trespass against said defendants, yet they persist in committing great waste.    She prays an injunction against the defendants, their agents, &c., from cutting or sawing timber, brush or bushes on the said tract of land, and from removing the same, or any clapboards, staves, rails, poles or timber of any kind from said land" and for general relief.    This bill does not charge the insolvency of the defendants, nor does it state any facts to show, that the trespass, if not enjoined, could not be compensated in damages.

In May 1882, the said Catharine Carroll filed an amended bill, in which she alleged her inter-marriage with Dr. Julius C. Kemble and claims, that she has the right to carry on the suit in her name as Catharine Kemble without joining her husband with her, as the suit relates alone to her separate estate.    She sets up her claim of title more fully, and repeats the prayer of the original bill.    On April 12, 1883, Catharine Kemble filed her answer to the bill of Ruhama Cresap, denying her title to the land, &c.    In September 1880, Ruhama Cresap, Gustavus Cresap, and Gustavus J. Cresap filed their joint answer to the bill of Catharine Carroll, denying her title to the land, &c.    At July rules 1882, the said defendants filed their joint answer to the amended bill.    On August 17, 1882, Ruhama Cresap filed her separate answer to the amended bill of Catharine Kemble, denying the title of the plaintiff's &c.    Numerous depositions were taken, particularly upon the question of title.    On April 16, 1883, the two causes by

consent were heard together upon the pleadings and proofs; and in the cause of Catharine Kemble against Ruhama Cresap and others it was decreed *that the injunction* be made perpetual, and that she have costs, and in the cause of Ruhama Cresap against Catharine Kemble the court decreed that the injunction be dissolved and the bill dismissed but without costs.

From this decree the Cresaps appealed.

There was no demurrer to either of the bills filed in either of these causes. The Court will nevertheless, unless the court below had jurisdiction, upon the hearing dismiss the bill. (*Morehead* v. *DeFord*, 6 W. Va., 316.)

Had the court jurisdiction of either of these causes? Both bills were filed to enjoin trespasses to real property and settle the title thereto without any charge of insolvency against the defendants in either bill and without the allegation in either of any facts, from which the court could see, that unless the defendants were enjoined, irreparable damage would result. It is well settled that a court of equity has no jurisdiction to settle the title and boundaries of land, where the plaintiff has no equity against the party, who is holding the land. (*Lange* v. *Jones*, 5 Leigh. 192; *Hill* v. *Proctor*, 10 W. Va., 50.) An injunction is not granted to restrain a mere trespass to real property, when the bill does not clearly aver good title in the plaintiff, nor then as a general rule, where the injury complained of is not destructive of the substance of the inheritance, of that which gives it chief value, or is not irreparable but is susceptable of complete pecuniary compensation, and for which the party may obtain adequate satisfaction in the law courts. (*McMillen* v. *Ferrell*, 7 W. Va. 223; *Cox* v. *Douglas*, 20 W. Va. 175; *Schoonover* v. *Bright*, 24 W. Va. 698.)

To warrant the interference of a court of equity to restrain a trespass upon real property, two conditions must co-exist: *first*, the plaintiff's title must be undisputed or established by legal adjudication; and *second*, the injury complained of must be irreparable in its nature, unless there are other equitable grounds for interference. It is not sufficient in such case, that the bill contains mere general averments of irreparable injury, but the facts constituting such injury must be set forth. (*Schoonover* v. *Bright*, 24 W. Va. 698.)

These principles are fatal to both bills in these causes. Equity has no jurisdiction of either of the said causes. The pleadings and proof in both causes show, that the title was in dispute, and that the parties have gone into a court of equity to settle the title to the land, which could only be done in a court of law.

In my opinion the injunction would not lie in this cause to restraining the taking of coal from an open mine, when the proof does not show that the coal constituted the chief value of the land. In *Anderson* v. *Harvey's Heirs*, 10 Grat. 386, it was held, that an injunction was proper to restrain the removal of iron ore from a tract of land; but there the iron ore constituted almost the entire value of the land. Daniels, Judge, in delivering the opinion of the court said: "The land, on which the trespass is alleged to have been committed, is proved to be of little or no value except for the iron ore found upon it, which is proved to be of excellent quality. The trespass is one which goes to the change of the very substance of the inheritance, to the destruction of all that gives value to it." But it is unnecessary to decide this question as the title to the land was in dispute.

So much of said decree, as refers to the case of Ruhama Cresap v. Catherine Kemble and dissolves the injunction and dismisses the bill, is affirmed; and so much of said decree, as perpetuates the injunction and gives costs in the cause of Catherine Kemble v. Ruhama Cresap and others, is reversed with costs to the appellants; and the injunction in said cause is dissolved, and the bill dismissed with costs to the defendants in the court below.

AFFIRMED IN PART.    REVERSED IN PART.