# CHARLESTON.

WATSON *v.* FERRELL.

*(HOLT, JUDGE, absent.)

Submitted June 17, 1890.—Decided December 10, 1890.

1. INJUNCTION—EQUITY—JURISDICTION.

A bill in equity, which alleges that the plaintiff is the owner of a tract of land, and exhibits his title-papers; that said land is in a state of nature, and covered by valuable growing timber, which timber is very valuable, and adds much to the value of said land; that the defendants are engaged in cutting and removing and preparing to remove the valuable timber from said land and have already cut down seventy five pine trees of great value, which trees still remain thereon, and that plaintiff believes that said defendants, if not restrained from trespassing on said land, will continue to cut down and remove therefrom the valuable timber thereon, and that said cutting was without his consent or knowledge; that said waste has greatly injured him, and, if defendants are allowed to continue the cutting of said timber, the injury will be of such a nature that it can not be compensated in damages, and his injury will be irreparable—does not show jurisdiction in a court of equity, and will be dismissed on demurrer.

2. INJUNCTION—TITLE.

If no demurrer be interposed; if upon the answer being filed it be found that the title to the land is brought in question, it being claimed by both plaintiff and defendant—the cause will be dismissed at the hearing.

3. INJUNCTION—PLEADING.

It is not sufficient in such case that the bill alleges irreparable injury; the facts constituting such injury must be set forth.

4. INJUNCTION—EQUITY—JURISDICTION—TITLE.

A court of equity has no jurisdiction to settle the title and boundaries of land when the plaintiff has no equity against the party who is holding the land.

---

*Case submitted before Judge Holt's appointment.

*A. F. Haymond* for appellant, cited :

1 Greenl. Ev. (13 Ed.) 7; 7 Johns. Ch'y 315; Dick. Ch'y 670; 6 Ves. 147; 7 Ves. 307; 18 Ves. 184; Tuck. Comm. (3 Ed.) 457, 458 (t. p.); 1 Rev. Code, c. 117, s. 8; 1 H. & M. 181; Fonb. 29, 30; 15 Ves. 138; 1 H. & M. 424; 16 John. 46; 7 Johns. 315, 332; 1 Johns. 318, 611; 5. Johns. 111; 2 Johns. 162; 6 Johns. 497; 1 Madd. 121; 20 W. Va. 175; 24 W. Va. 698; 26 W. Va. 603; 5 Leigh 192; 10 W. Va. 50; 26 W. Va. 603; 7 W. Va. 223; 20 W. Va. 175; 1 Madd. 205; Pom. Eq. Juris. §§ 1347, 1348, 1357 and notes; 10 Gratt. 386, 398; 1 High Inj. (2d Ed.) §§ 12, 466; 50 N. Y. 575; Her. Est. 343; Big. Est. 553, 554; Sto. Eq. Juris. §§ 860, 929; 45 N. Y. 703; 21 Hun. 30.

*J. G. Schilling* for appellees, cited :

26 W. Va. 603; 24 W. Va. 698; 20 W. Va. 175; 7 W. Va. 223.

ENGLISH, JUDGE :

This was a suit in equity, brought by James O. Watson against Harrison R. Ferrell, Joseph Gehring, Silas Parker, and Lawson S. Belt in the Circuit Court of Calhoun county, alleging that the plaintiff was the owner of a tract of land containing nine hundred and sixty three and a quarter acres, lying partly in Wirt and partly in Calhoun counties, but the greater part in Calhoun county, where he paid taxes on the same; that said land was conveyed to him by one Eugene Wilson on the 21st of March, 1865, and that the deed of conveyance is of record in said county, and plaintiff files a certified copy of the same, and a plat and description of said land, with his bill. He also alleges that the greater portion of said land is in a state of nature, covered by valuable timber, which adds much to its value; that the defendants are engaged in cutting and removing and preparing to remove the valuable timber from said land, and have already cut down seventy five pine trees of great value, which still remain thereon, and that plaintiff believes that said defendants, if not restrained from trespassing on said land, will continue to cut down and remove therefrom the valuable timber; and that such cutting, removal and trespass

was without his knowledge or consent; that the waste committed on said land by defendants as aforesaid had greatly injured him, and, if defendants are allowed to continue the cutting of said timber, the injury to the plaintiff will be of such a character as not to be compensated in damages, and his injury will be irreparable. Complainant, being remediless in a court of law, prays that the defendants and each of them and all persons for them be enjoined from committing further waste on said land, and from cutting any trees growing on said land, and from removing from said land any trees, timber or logs cut and remaining thereon, and from rafting, sawing, removing or using any timber or logs cut from said land and removed therefrom to other places in either of said counties, and from selling and otherwise disposing of any timber or logs cut from said land. Complainant further prays that said defendants, and each of them, answer said bill under oath, and discover the number of trees cut upon said land by them, and what had been done with the same, and, if any part of the timber cut has been sold, to whom, and at what price, and whether the same has been paid for. The court having jurisdiction of this case, complainant prays that the defendants be required to account to him for the value of all the timber and logs cut and removed from said land and sold by them, and for all injury sustained by the plaintiff by reason of the trespass and unlawful acts of and waste committed by the defendants aforesaid, and to this end complainant prays a reference of this cause to a master commissioner; and in pursuance of the prayer of said bill an injunction was awarded in accordance therewith.

To this bill the defendant, Harrison R. Ferrell, demurred, and for answer thereto said it was not true, as alleged in plaintiff's bill, that he and his co-defendants had been or were then engaged in committing any waste or cutting any timber whatever upon the lands of the plaintiff; and respondent shows that he is the *bona fide* claimant and owner of a tract of one hundred and nineteen three fourths acres of land situate on Lower Leading creek in the county of Calhoun, and lying about one mile from the Wirt county line, being a part of a survey of thirty thousand acres of

land sold by G. J. Arnold, commissioner of delinquent and forfeited lands for Gilmer county in the year 18—, and two hundred seventy nine acres thereof was purchased by I. L. Knight and Hiram Ferrell, who subsequently conveyed the same to one Joshua Conn, and said Conn subsequently conveyed one hundred nineteen and three fourths acres, part of said two hundred seventy nine acres, to one B. M. Wolverton, in whose name said one hundred nineteen and three fourths acres of land was subsequently assessed with taxes, and became delinquent and was sold in his name for the non-payment of such taxes, and was purchased by respondent, and the same was afterwards conveyed to him by Hugh P. Collett, recorder of Calhoun county, by deed dated December 9, 1872, a copy of which is filed therewith as part thereof, and upon which one hundred nineteen and three fourths acres respondent has resided and had actual continuous possession under the title aforesaid for over sixteen years, and for the past nine years claiming it as his own ; and upon this tract respondent some time since sold to his codefendants, Silas Parker and Joseph Gehring, seventy five pine trees, as he had the right to do, and said Parker and Gehring recently entered upon said premises, under their contract with respondent, and have cut the seventy five pine trees, and the same are now lying upon the said one hundred nineteen and three fourths acres of land. Said trees were sold for the price of fifty two dollars fifty cents, of which twenty dollars has been paid to respondent, and the residue remains unpaid. That the one hundred nineteen and three fourths acres of land so owned by respondent is a wholly different tract of land from that of the plaintiff's, and the same and the tract claimed by the plaintiff are not in conflict, and do not lap upon or clash upon each other, in fact, do not adjoin each other, as respondent understands and verily believes. Respondent knows nothing of his own knowledge as to the plaintiff's right to the land claimed by him, and hence neither admits nor denies the allegations of his bill in that respect, except that respondent denies its location and interference with the respondent's tract of one hundred nineteen and three fourths acres, as aforesaid, but calls for full proof on the part of the plaintiff of his title to

said land and the location thereof, so far as such allegations affect or tend to affect the rights of respondent.

Respondent also denies the allegations of plaintiff's bill that the alleged cutting constituted such waste as was irreparable and could not be compensated in damages, even if such cutting had been or was done upon the plaintiff's premises; on the contrary, respondent insisted that the same can and may be compensated in damages, and that respondent and his co-defendants are amply able and solvent to the extent of any such damages, even if such alleged cutting and waste had been committed upon the land of the plaintiff, which latter fact respondent denied; and respondent insisted that the injunction awarded the plaintiff should not be allowed to continue in force against him and his said co-defendants, even if such cutting had been done upon the plaintiff's land. No allegation of insolvency as to respondent or of either of his said co-defendants was made by said bill, or that they are of insufficient ability to make good any damages that might be sustained by the plaintiff, and no action of trespass had been begun against respondent or either of his said co-defendants; and respondent denied each and every allegation of the plaintiff's bill not therein specially referred to, so far as the same affects or tends to affect his rights to and in the one hundred nineteen and three fourths acres of land aforesaid, or relates to the trespass complained of; and, having answered, and denying all fraud, respondent prays that the said injunction be dissolved, and the plaintiff's bill be dismissed, with costs.

To this answer the plaintiff replied generally. At the April rules, 1882, the plaintiff filed an amended bill, wherein, after reciting in substance the allegations of his original bill, further complaining he said that the allegations of his said original bill were true, but that since filing the same the plaintiff says that he has ascertained that the defendant had not only already before the filing of his said original bill cut seventy five pine trees on his said land of great value, but they had also cut other pine trees of great value on said land, making the number cut and lying in the woods on said land ninety five pine trees, or more; and they

had also cut timber for railroad cross-ties, and had gotten out a large number of railroad cross-ties on said land, which are still lying in the woods on said land, and said timber cut for cross-ties is of great value to said land, and greatly enhanced the value thereof; and the cutting of said pine trees and timber for cross-ties is a great and irreparable injury to the plaintiff, and can not be compensated in damages.

Plaintiff further says that since filing his original bill he has ascertained by the answer of said Harrison R. Ferrell, filed thereto, that said Ferrell claims to be cutting said timber on a tract of one hundred and nineteen and three fourths acres of land purchased by him at tax-sale, which said land was sold in the name of one B. M. Wolverton; and he alleges that in the year 1866, and for several years thereafter, and until about four years ago, one A. B. Fleming had charge of and was looking after said tract of nine hundred and sixty three and one fourth acres of land for plaintiff, and the said Harrison R. Ferrell, in said year 1886 was, and ever since has been, living on Leading creek, a few yards above where the upper line of plaintiff's said land crosses said Leading creek, and said Ferrell claimed to said Fleming that he was living on a tract of seventy five acres of land which he claimed as the Wolverton tract, and that about forty acres of his said Wolverton tract lapped on plaintiff's said Wilson land; and said Ferrell, in said year 1866, and many times thereafter, showed said Fleming the boundaries of his said Wolverton claim, where the same lapped on said Wilson land, and said Ferrell expressly disclaimed having any other claim to any part of plaintiff's said Wilson land except the forty acres thereof on which said Wolverton land lapped, and that the said forty acres claimed by said Ferrell lays in a narrow strip up and down said Leading creek, principally on the right-hand side of said creek, as you go up the same, and at the upper end of said Wilson land of plaintiff's; and, in view of the fact that said Ferrell expressly disclaimed having any title to or possession of any of plaintiff's said land, except the said forty acres Wolverton lap, plaintiff did not institute any proceedings to eject or dispossess said Ferrell;

the said Wolverton lap being shown on the plat filed with plaintiff's original bill as Exhibit B. Plaintiff further alleges that the said defendant Harrison R. Ferrell about five years ago pointed out to said A. B. Fleming and to plaintiff's son, Sylvanus L. Watson, together, in the presence of each other, the boundaries of his (said Wolverton's) lap on plaintiff's said land, and then and there expressly disclaimed having any shadow of title to or possession of any other part of plaintiff's said ~Wilson land, and plaintiff therefore charges that said defendant Ferrell is estopped by his disclaimer aforesaid from now claiming possession of or to have had possession of any other part or portion of plaintiff's said Wilson land.

Plaintiff further says that there is no timber of any consequence on the said forty acres of said Wolverton land which laps on plaintiff's said land, as claimed by said defendant Ferrell, and that the pine trees and cross-ties cut as aforesaid were and are cut on another and entirely different part of plaintiff's said land; and he prays, as he did in his original bill, that the defendants, and each of them, and all persons for them, be enjoined and restrained from the committing further waste on said land, and from cutting away trees growing on said land, and from removing from said land any trees, timber, or logs, or cross-ties cut and remaining thereon, and from rafting, sawing, removing, or using any timber, logs, or cross-ties cut from said land and removed therefrom to other places in either of said counties, and from selling or otherwise disposing of any timber, logs, or cross-ties cut from said land.

Plaintiff also calls for a discovery as to the number of trees cut on said land, and what has been done with the same, and, if any part of the timber has been sold, to whom sold, and at what price, and whether the same has been paid for; and, the court having jurisdiction of the case, that the defendants be required to account to him for the value of all timber, logs, and cross-ties cut and removed from said land and sold by them, and for all the injury sustained by the plaintiff by reason of the trespass and unlawful acts of and waste committed by the defendants as aforesaid, and to that end he prays a reference to a commission-

er ; and he further prays that said Harrison R. Ferrell be enjoined and restrained from setting up or claiming title to or possession of any other part of plaintiff's said land other than the said forty acre Wolverton lap, the boundaries of which were pointed out by him to said A. B. Fleming and Sylvanus L. Watson, as aforesaid.

The defendant Ferrell, on the 24th day of October, 1883, by leave of the court filed his demurrer and separate answer to the amended bill of the plaintiff, in which he puts in issue every material allegation contained in the plaintiff's amended bill. Various proceedings were had in the case, and numerous depositions were taken therein, and on the 21st day of February, 1889, the Circuit Court decreed that said injunctions be dissolved, and said original and amended bills dismissed, and from this decree the plaintiff obtained this appeal.

The question that confronts us at the threshold of this case is raised by the demurrer to the original and amended bills. If said demurrers should have been sustained as a matter of course, we need not look further as to the correctness and regularity of the rulings of the court upon the issues and questions raised by the pleadings and exceptions entered and taken during the progress of the cause. The plaintiff, in his original and amended bills, alleges that he is the owner of a large tract of land containing nine hundred and sixty three and a quarter acres, lying partly in Calhoun and partly in Wirt counties, but mostly in the county of Calhoun, which is much more valuable with its timber than it would be if the timber was removed ; and that the defendants are committing waste upon it by cutting and removing the timber therefrom. This the defendant Ferrell denies, and claims that he is the *bona fide* owner of the land from which the timber trees have been cut ; states how he derived his title, and how long he has occupied the same, claiming it as his own. Both the plaintiff and defendant exhibit their title papers, or copies thereof, and the court is compelled to decide between them before reaching and disposing of the questions as to the quantity and value of the timber cut down or removed, or assessing the damages thereby occasioned. Can this be

done in a court of equity ? Or has not the plaintiff a plain, complete, and adequate remedy at law ?

In the case of *Kemble* v. *Cresap*, 26 W. Va. 603, this Court held that a court of equity, has no jurisdiction to settle the title and boundaries of land when the plaintiff has no equity against the party who is holding the land, and JOHNSON, P., in delivering the opinion of the court, speaking of the question of jurisdiction, says : "Both bills were filed to enjoin trespasses to real property and settle the title thereto without any charge of insolvency against the defendants in either bill, and without the allegation in either of any facts from which the court could see that unless the defendants were enjoined irreparable damages would result. It is well settled that a court of equity has no jurisdiction to settle the title and boundaries of land where the plaintiff has no equity against the party who is holding the land." See *Lange* v. *Jones*, 5 Leigh, 192 ; *Hill* v. *Proctor*, 10 W. Va. 59.

In said last-named case this Court held that, "The existence of a controverted boundary does not constitute a sufficient ground for the interposition of courts of equity to ascertain and fix that boundary. It is necessary, to maintain such a bill, that some peculiar equity should be superinduced. There must be some equitable ground attaching itself to the controversy."

In the case of *Kemble* v. *Cresap, supra,* this Court also held : "To warrant the interference of a court of equity to restrain a trespass on land two conditions must co-exist : *First,* the plaintiff's title must be undisputed, or established by legal adjudication : and, *secondly,* the injury complained of must be irreparable in its nature, unless there exist other grounds of equity."

In *Schoonover* v. *Bright,* 24 W. Va. 698, this Court held that to warrant the interference of a court of equity to restrain a trespass two conditions must co-exist. *First,* the plaintiff's title must be undisputed, or established by legal adjudication ; and, *second,* the injury complained of must be irreparable in its nature also. "It is not, in such case, sufficient that the bill contains mere general averments of irreparable mischief, but the facts constituting such mis-

chief must be set forth." That was a case in which an injunction granted to restrain the cutting and removing of the timber from land was wholly dissolved, and an examination of the case will disclose a great similarity to the one under consideration as to the facts stated and relied upon in the bill.

In that case there was no allegation of the insolvency of the defendants, and there appears to have been none in this, and there is nothing in this case to distinguish the trespass complained of from any other trespass occasioned by cutting and removing timber from the plaintiff's land. See High, Inj. § 460. Now, it is true that the plaintiff in his bill and amended bill alleges that he is the owner of and has the legal title to said nine hundred sixty three and a quarter acres of land, and exhibits his paper title with his bill, and upon demurrer that must be regarded and taken as true ; but when we look further at the allegations of the bill we find that he alleges that the greater portion of the land is in a state of nature, and covered by valuable growing timber *etc.*, which is very valuable and adds much to the value of said land, *non constat,* that the land is not filled with coal, iron and other minerals, or that the timber constitutes its chief value; and there are no facts stated on the face of the bill that would show that the plaintiff would suffer irreparable injury by the cutting and removal of seventy five or any number of trees from said land, when it is not alleged that the defendants are insolvent. In the case of *Cox* v. *Douglass*, 20 W. Va. 175, we find this Court held that "an injunction is not granted to restrain a mere trespass to real property when the bill does not clearly aver good title in the plaintiff, nor even then, as a general rule, where the injury complained of is not destructive of the substance of the inheritance, or that which gives it its chief value, or is not irreparable, but is susceptible of complete pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law."

We have seen from the authorities above quoted that a court of equity will not entertain a bill to restrain a trespass on land unless the facts are stated, and it appears from these facts that the injury resulting from trespess com-

plained of, if not restrained, will be irreparable in its nature, and, although no demurrer be interposed, the court will dismiss the bill at the hearing if the court appears to have no jurisdiction. What, then, should be the result in this case, when, as before stated, the defendant's answers are filed, and the pleadings and proofs show conclusively that the title is claimed by both plaintiff and defendants, and that the parties have gone into a court of equity to settle the title to the land.

In my opinion, the demurrer should have been sustained to the original and amended bills, and, if no demurrer had been interposed, the bill should have been dismissed at the hearing for want of jurisdiction, and that the court below committed no error in so decreeing. The decree complained of must be affirmed, with costs.

AFFIRMED.