# CHARLESTON.

GREATHOUSE *v.* GREATHOUSE *et al.*

Submitted January 12, 1899—Decided  March 18, 1899.

1. EQUITY JURISDICTION— *Waste - Injunction.*
    Trivial and vexatious allegations of waste, capable of pecuniary compensation, are insufficient to give  equity jurisdiction or authorize the granting of an injunction.   (p. 22).

2. INJUNCTION— *Tenant for Life.*
    An injunction which inhibits a life tenant from "cutting or removing any timber from said land, and from removing the buildings thereon or any part thereof, or from otherwise injuring the same," is entirely too broad and indefinite,  and interferes with the life tenant's proper enjoyment of his tenancy.  (p. 22).

3. EQUITY PLEADING— *Waste—Injunction.*
    A bill for an injunction to stay waste must state facts sufficient to show the injury threatened is  irremediable by the ordinary process of legal procedure.   (p. 22).

Appeal from Circuit Court, Roane County.

Bill by W. D. Greathouse against E. W. Greathouse and Eli Rogers.   Decree for plaintiff, and  defendants  appeal.

*Reversed.*

SCHILLING & STARKEY, for appellants.

WILLIAM H. BISHOP, for appellee.

DENT, PRESIDENT:

W. D. Greathouse filed his bill in the circuit court of Roane County praying an injunction against E. W. Greathouse and Eli Rogers, her son, to stay the commission of waste. The defendant, Mrs. Gearthouse, an aged lady, seventy-six years old, is the life tenant in possession of a dower interest in twenty-five acres of land, of which plaintiff owns the reversion. The allegations of waste are that she is not properly cultivating and taking care of the land, premitting the same to grow up in briars, the fencing and buildings to decay, and not repairing the same, and in plowing up some sod land, and cutting down an oak tree worth fifteen dollars, and some twenty cross-tie trees worth one dollar per tree, the whole damage being less than one hundred dollars. The court, by its decree in perpetuating the injunction, fixed the damages at thirty-five dollars. The injunction is in these words: "They (the defendants) are hereby enjoined and restrained from committing waste on said 25 acres of land mentioned and described in plaintiff's bill, and from cutting or removing any timber from said land, and from removing the buildings thereon, or any part thereof, or from otherwise injuring the same."

The jurisdiction of equity in restraining waste rests upon the necessity of preventing irremediable injury. High, Inj. § 649; *Bettman* v. *Harness*, 42 W. Va. 433, (26 S. E. 271). The injury complained of must be destructive of the substance of the inheritance, or of that which gives it its chief value, or be irreparable. If the facts relied on show the injury complained of is susceptible of complete pecuniary satisfaction by the ordinary legal remedies, an injunction does not lie. *Watson* v. *Ferrell*, 34. Va. 406, (12 S. E. 724); *Cox* v. *Douglass*, 20 W. Va. 175; *McMillan* v. *Ferrell*, 7 W. Va. 223.

On its face, the bill shows complete want of equity jurisdiction, for it is plain, from its reading, that the plaintiff had a complete, adequate remedy at law, and the allegation of irreparable damage is simply made a pretext for equity interference. The evidence makes this still clearer; for it is not so strong as the allegations of the bill, and does not pretend to establish irremediable injury. To this may be

added the admission of counsel in his brief that this cause is "a rara avis, which, when deprived of its fuss and feathers, is a mere matter of $35." He created the fuss and feathers to annoy this old lady, and now he would willingly tear them off and burn them to avoid the jurisdiction of this Court, and yet would permit an injunction to hang over her which virtually deprives her of the use of her dower. By it she is forbidden to cut timber for any purpose, although the bill alleges the fences are in need of repair. She is also forbidden to injure the land or buildings thereon in any manner, without any limitation on the character of the injury included. The natural wear and tear is an injury to the property, yet she is entitled to this. The failure to repair is an injury, yet she is not bound to do this. The wasting of the land by crops or pasturage is an injury. Either doing nothing or doing anything on the land may be proven to be an injury, according to the view of the witnesses called. How is the aged defendant to avoid being in contempt of this injunction if the reversioner is disposed to continue his vexatious harassment of her? The only way is by surrendering her life estate, and this is probably the animus underlying this proceeding. The decree complained of is reversed, the injunction dissolved, and the bill dismissed for want of equity.

*Reversed.*