# CHARLESTON.

## J. K. NULL *v.* T. T. ELLIOTT.

Submitted September 9, 1902.    Decided December 6, 1902.

1. CONTRACT.

    A contract for the sale of all the timber, tanbark and ties on a certain tract of land, and providing that the purchaser is to have two years to take off and remove such timber and not later, does not authorize the purchaser to sever any timber standing on the land after the two years' limit has expired. (p. 230).

2. EQUITY—*Contract.*

    A court of equity cannot reform a written contract between parties plainly expressive of their intention except for mistake, accident, undue advantage or some other established equitable grounds. (p. 231).

3. INJUNCTION.

    It is not error to dissolve an injunction when the bill is barren of equity. (p. 232).

Appeal from Circuit Court, Barbour County.

Bill by J. K. Null against T. T. Elliott. Decree for defendant, and plaintiff appeals.

*Affirmed.*

J. HOP. WOODS, for appellant.

J. B. WARE and W. B. MAXWELL, for appellee.

DENT, PRESIDENT:

J. K. Null appeals from an order of the circuit court of Barbour County dissolving an injunction obtained by him against T. T. Elliott restraining him from interfering with plaintiff's mill operations on a certain tract of land under and by virtue of the following contract, to-wit:

"BELINGTON, W. VA., ——————

"This contract made this 26th day of October, 1899, between T. T. Elliott of the first part, and John K. Null, of the second part, all of Barbour County, W. Va., Witnesseth:

"That the party of the first for and in consideration of four hundred and thirty dollars—one lot of lumber at fifty dollars in hand paid, the receipt of which is hereby acknowledged, the remaining three hundred and eighty dollars to be paid the first day of March, 1900, for which said Null has executed his note with Abraham Poling and F. B. Duritt as security. The party of the first part do grant, bargain and sell to said John K. Null all the timber, tanbark and ties, except the locust timber, it being especially reserved on his certain tract of land on Larl hill in Barbour County and adjoining Melvina More Johnson and Smoot's, &c., containing about three hundred and fifty acres, but this timber is sold by the boundary and not by the acre. The said John K. Null is to have two years from date to take off and remove said timber and not later and to have all privilege of going on said land with road ways, mill sites, etc.

."Witness our hands and seals,

"T. T. ELLIOTT,     (seal).
"J. K. NULL,        (seal).

"A true copy."

The time limit in the contract has expired, and Elliott notified the plaintiff not to further trespass on the land by cutting any more timber, or removing that already cut or the temporary buildings erected by plaintiff from the land, claiming the same to belong to himself. Thereupon the plaintiff filed his bill, setting out the hardships of his contract, the great loss that he would entail if he was prevented from reaping the benefits thereof, and asking the court to relieve him by extending the time for the execution of his contract. He also asked that defendant

be enjoined from interfering with him. The court granted a temporary injunction, but on the final hearing on answer and depositions dissolved such injunction.

The first question is as to whether there is any equity in plaintiff's bill.

Admitting that he has a right to everything that he claims in his bill, his remedy at law is complete and adequate. He does not show that he has been or will be irreparably damaged or that he cannot be pecuniarily compensated for all loss he may sustain, even though he may be deprived of all his rights under his contract wrongfully. *Becks* v. *McGraw,* 48 W. Va. 539; *Greathouse* v. *Greathouse,* 46 W. Va. 21 (32 S. E. 994); *Bettman* v. *Harness,* 42 W. Va. 433 (26 S. E. 433); *Watson* v. *Ferrill,* 34 W. Va. 406 (12 S. E. 724).

Plaintiff insists that a court of equity has jurisdiction to reform contracts. This is undoubtedly true in case of mutual mistake or other good and sufficient cause. *Knowlton* v. *Campbell,* 48 W. Va. 294. The bill in this case presents no sufficient cause for the interference of equity. He claims the time was too short for him to fulfill his contract. He made the contract, and it is not one of peculiar hardship. With his consent the limit of the removal of the timber was fixed at two years. Such a provision as this in timber contracts is held to be a condition of the sale, and not a covenant to remove, and that the purchaser only takes such of the timber as he may cut and remove in the specified time, otherwise it remains the property of the land owner as part of the land. 13 Am. & En. En. Law, 1031; *Pease* v. *Gibson,* 6 Greenleaf (Me.) 81; *Kellam* v. *McKinstry, et al.,* 69 N. Y. 264; *Williams* v. *Flood,* 63 Mich. 487; *Haskell* v. *Ayres,* 32 Mich. 93. Such being the law, the plaintiff could not ask a court of equity to extend the time limit, for it would be making a new and entirely different contract between the parties. In so far as the standing timber is concerned, it could not become plaintiff's property unless severed during the two years. Once severed it becomes personal property, even under this contract. Timber severed ceases to be part of the realty. As to the timber not severed, plaintiff has no claim. As to the timber severed he may have ample compensation at law. Many of the earlier cases held that the condition as to time divested the title of the purchaser not only to the timber not severed, but also

to that severed. The later decisions, however, hold that the purchaser is entitled to all the timber severed within the time limit, and also has the implied right to enter and remove the same. *Macomber* v. *Detroit, &c. R. Co.,* 118 Mich. 491; 32 L. R. A. 102; *Hicks* v. *Smith,* 77 Wis. 146; *Golden* v. *Glock,* 57 Wis. 118. It is not necessary to finally determine this question in this case, as it does not affect the decision thereof only as making it more strongly against the plaintiff. If on severance the timber became his, he had plenty of time to sever it within the two years and the law would have accorded to him an implied right to enter and remove it thereafter. However, this question is reserved for future determination when it may arise, for it is not right to prejudge it, as no one without divine foreknowledge can fortell what the future conclusions of the court may be, under change of time, quantity, quality and circumstances. *Freer* v. *Davis,* decided at this term; *Richmond* v. *Henderson,* 48 W. Va. 389; *Gray* v. *Building Association, Id.* 164; *Ralston* v. *Weston,* 46 W. Va. 544; *Mayer* v. *Frobe,* 40 W. Va. 246; *Slodon* v. *Morris,* 39 W. Va. 432.

This is but the confession of human weakness from a soul feeling bitterly the shackels of its infirmities. The bill is barren of equity, therefore the dissolution of the injunction was timely. Peace to its ashes.

The decree is affirmed.

*Affirmed.*