# CHARLESTON.

MERRINER v. MERRINER *et als.*

54  169
58  307

Submitted June 16, 1903.   Decided November 21, 1903.

1.   INJUNCTION.
    A general allegation that the defendant is interfereing with the plaintiff "in the matter of farming, cultivating or tilling a farm on which plaintiff resides" presents no sufficient grounds for an injunction. (p. 170).

Appeal and *supersedeas* from Circuit Court, Wetzel County. Action by David Merriner against M. H. Merriner. Judgment for defendant and plaintiff appeals.

*Affirmed.*

T. P. JACOBS and E. B. SNODGRASS, for appellant.

MCINTIRE & MCINTIRE and M. R. MORRIS, for appellee.

DENT, JUDGE:

David Merriner appeals from an order of the circuit court of Wetzel County, entered on the 28th day of March, 1902, dissolving an injunction obtained by him against his father, Matthew H. Merriner.

The facts as shown by the bill and exhibits are that David Merriner holds in trust for himself and father a certain tract of land known as the Beck Farm. By the deed conveying title to him a life estate and right of possession is vested in the father. The son says "that under an agreement between himself and father he is entitled to possession of the farm for cultivation and tilling," that his said father "has become disagreeable, and ill tempered so that it is impossible to deal with him or to come to any amicable adjustment between themselves; that he continually interferes with your orator in his management of said farm; that while your orator holds said property in trust for himself and said Matthew H. Merriner, the said Matthew H. Merriner has so continuously interfered with his rights and duties in the performance of his trust that it has become impossible for him longer to discharge his trust on account of the interference and hostility of the said Matthew H. Merriner." The only trust the plaintiff shows he holds by his bill is the legal title to the lands jointly for the benefit of himself and father, while his father under the deeds is entitled to a life estate in and the possession of such lands, and the plaintiff occupies them by virtue of an alleged agreement with his father, and therefore as his tenant and not as his trustee. It is his tenancy that is interfered with and not his trusteeship.

He prays that his father "may be inhibited, restrained and enjoined from interfering with" him "in the matter of farming, cultivating or tilling the said farm on which he now resides until" the matter between them may be settled.

The circuit court awarded a preliminary injunction, and then dissolved it on motion of the father.

The bill presents no sufficient grounds for injunction. It wholly fails to show or allege any irreparable damage either com-

mitted or threatened. *Becker* v. *McGraw*, 48 W. Va. 539; *Greathouse* v. *Greathouse*, 46 W. Va. 21.

If the plaintiff has any sufficient grounds for injunction he fails to set it out in his bill. The order of dissolution is affirmed.

*Affirmed.*