## CHARLESTON.

JOHN W. GROVE, *et al. v.* JACOB W. LONG.

Submitted November 15, 1921.  Decided November 29, 1921.

1. TRUSTS—*Legal Title in Trustee Descends to Trustee's Heirs Before Completion of Trust.*

   Legal title to land, vested in trustees to hold for the benefit

of a corporation, with right in it to full beneficial use of the property and power to direct transfers    and conveyances thereof and fill vacancies occasioned by resignation or death of any of the trustees or their successors, descends to the heirs of the trustees, on the death of all of them, before disposition of the land and in the absence of a revocation of the trust. (p. 655).

2.  *INJUNCTION—Bill Held Sufficiently to Allege Equitable Title in Plaintiffs.*

If, an allegation of ownership of land by the plaintiffs in a bill in equity, accompanied by an exhibited deed tending to contradict it by reason of irregularity or defect in the execution thereof, is supplemented by allegations of a purchase of the land for a valuable consideration by the plaintiffs and willingness of the grantor to execute to them such further conveyances or assurances as may be necessary to pass such title as he has, the bill sufficiently alleges equitable title in the plaintiffs.   (p. 658).

3.  SAME—*Equitable Title May be Protected by Injunctive Relief, Even Though Disputed.*

As the owner of a merely equitable title to real estate cannot be entertained in a court of law for vindication thereof or redress of wrongs done to it, but may resort to equity for injunctive relief, under circumstances warranting such relief, even though his title is disputed, without an allegation of the pendency of an action at law to determine the question of title or intention to commence it.   (p. 655).

4.  SAME—*General Allegation of Ownership Sufficient for Final Injunction.*

In such a bill, a general allegation of ownership of the land by the plaintiffs will suffice for an injunction by way of final decree, wherefore a demurrer thereto on the ground of insufficiency of statement of title ought to be overruled. (p. 658).

5.  SAME—*Allegations Failing to Show Perfect Title Insufficient for Preliminary Injunction.*

But such an allegation unaided by an affidavit stating facts sufficient, if proved, to make out a case of perfect title by deraignment from the State or a common source, by   adverse possession or otherwise, does not constitute a sufficient basis for award of a preliminary injunction.   (p. 658).

(LIVELY, JUDGE, absent.)

Appeal from Circuit Court, Hampshire County.

Suit by John W. Grove and others against Jacob W. Long. Bill dismissed on demurrer, and temporary injunction dissolved, and plaintiffs appeal.

*Affirmed in part. Reversed in part. Remanded.*

*J. S. Zimmerman,* for appellants.

*John J. Cornwell* and *Ira V. Cowgill,* for appellee.

POFFENBARGER, JUDGE:

On the ground of lack of disclosure of sufficient title in the plaintiffs, the bill in this cause, seeking an injunction to prevent the cutting and removal of timber from land they claim, was dismissed on demurrer and the temporary injunction awarded thereon, dissolved by the decree from which they have appealed.

The bill does not fully nor clearly disclose the origin of the controversy, but enough appears on its face to indicate a dispute founded upon an interlock between conveyances or an uncertainty as to the location of a boundary line. Defendant's claim of right is admittedly based upon a purchase of timber from a third person, who is likely the owner of land adjoining that claimed by the plaintiffs, although his entry upon the premises with his saw-mill is denominated a bare trespass, in the bill.

If, as it seems, the plaintiffs have only equitable title to the land, if any, it will be unnecessary to examine the bill with reference to the rules applicable to equity jurisdiction by injunction against the cutting of timber in violation of the rights of the holder of legal title to land. In that class of cases, there are limitations upon the right of access to the equity forum, if any issues of fact are disclosed. *Freer* v. *Davis,* 52 W. Va. 1; *Curtin* v. *Stout,* 57 W. Va. 271, 278; *Pardee* v. *Lumber Co.,* 70 W. Va. 68.

The plaintiffs have equitable, but not legal title to the 104 acre tract, a part of which is in controversy. The title, as far as pleaded, begins with a deed from John S. Winslow, trustee for the Mount Savage Iron Company, to Franklin H. Delano and James Roosevelt, as trustees for the Union Min-

ing Company, dated June 29, 1872. That deed placed the equitable title in the Union Mining Company and the legal title in the trustees. It imposed upon the trustees no active duty and may be said to have created a mere dry trust. They were to permit their *cestui que trust* to have the full beneficial use of the property and to transfer and convey it or any part of it to such person or persons as the company should direct, in a prescribed manner., and not otherwise to dispose of it. In case of a vacancy by death or resignation of either of the trustees or any successor, the company was authorized to fill it by appointment. By deed dated January 24, 1910, the Union Mining Company, without joinder of the trustees, who died prior to the date thereof, conveyed the surface of the land to John W. Grove, Joseph T. Davis, Thomas D. Davis and Chas. S. Swisher. It retained the minerals together with extensive mining privileges and rights. By a deed dated January 29, 1912, the Davises conveyed their interest to Grove, and by another deed, dated November 11, 1913, Swisher conveyed his interest to Grove and Irvin E. Michael, the plaintiffs in the bill.

Nothing perceived in the nature of the trust created by the deed of Winslow takes it out of the general rule as to the duration thereof. Intention that it should continue during the existence of the corporation, or until the property should be disposed of by them, at its instance, is so clearly and positively expressed as to leave no room for doubt about it, and, while it continued, the trustees held the legal title. At the date of the deed, the property had not been disposed of by them and their *cestui que trust* was still in being, and its purposes not fully accomplished. An allegation of the amended bill impliedly says it is still in existence. On the death of a trustee, without termination of the trust, the legal title held by him descends to his heirs. *Blake* v. *O'Neal*, 63 W. Va. 483. Of course, the deed, if validly executed, passed the equitable title of the corporation.

Clothed with such title, the plaintiffs have clear right of access to a court of equity for vindication of it and redress of wrongs done in respect thereof. It is not necessary for them to show inadequacy of the legal remedies, for a court

of law cannot entertain them at all in respect of their title to that land. As, in the opening paragraph of their bill, but not elsewhere, they allege their joint ownership of the land, they have made a showing of title that would suffice in a bill for ordinary relief, such as acquisition of the legal title and removal of cloud therefrom. But this bill does not seek relief of that class. It invokes the extraordinary remedy of injunction, wherefore the vital inquiry is whether it alleges title with sufficient particularity to subserve the purposes of a prayer for injunction.

An injunction by way of final decree is not essentially different in principle from any form of ordinary relief. It is not awarded until after a full hearing upon the merits, and general allegations of title may be reduced to absolute certainty by the proof. If, in a bill for such relief, the defendant is apprised, in general terms, of the plaintiff's cause of action, he has reasonable notice of the nature thereof and nothing more is required. *Zell Guano Co.* v. *Heatherly*, 38 W. Va. 409; *State* v. *McEldowney*, 54 W. Va. 695.

But a preliminary injunction is a drastic remedy, restraining, forbidding or commanding action on the part of the defendant, in advance of a hearing and determination of the controversy. It operates as a restraint upon his liberty and alters the condition of things existing at the date of award thereof. For remedies of that class a more definite and particular showing should be made in some way, and, if the bill alone is relied upon, as the basis of the application therefor, as it is here, it should allege the facts clearly showing the grounds of relief, including title, when it is an essential element thereof. A mere general allegation of title or ownership may be untrue and misleading, and, if allowed as a sufficient basis of award of a preliminary injunction, the defendant's liberty of action is taken away, his position changed or his right wrongfully invaded, until he disproves it. Such a result is inconsistent with the theory of extraordinary remedies. An observation made in *Peerless Carbon Black Co.* v. *Gillespie*, 87 W. Va. 441, 460, classing preliminary injunctions with attachments and receiverships, is believed to be sound in principle. In view of the discretion

and power of the court to modify or dissolve an injunction, it may not be so drastic in its operation as an attachment, but they are of the same nature, because each goes into operation and effect in advance of the adjudication on the merits.

Here, as elsewhere, it is held that to obtain a temporary injunction against a trespass upon real estate, the plaintiff must establish a perfect title in himself, and that the bill must allege it. To avail, the title must be not only good but undisputed, unless the injunction is sought in aid of an action at law to vindicate it, pending or intended to be instituted. *Schoonover* v. *Bright*, 24 W. Va. 698; *Cox* v. *Douglass*, 20 W. Va. 175; *Cresap* v. *Kemble*, 26 W. Va. 603; *Watson* v. *Ferrell*, 34 W. Va. 406; *Western M. & M. Co.* v. *Coal Co.*, 10 W. Va. 250; *McMillian* v. *Ferrell*, 7 W. Va. 223; *Freer* v. *Davis*, 52 W. Va. 1. In most of these cases, all of which involved preliminary injunctions, the jurisdiction failed for reasons other than defective statement of title; but, in all of them, allegation of good and undisputed title, with the exception above noted, was required. That can only mean precaution against disturbance of existing conditions, in the absence of a showing of clear *prima facie* right to the extraordinary relief sought. It is obvious that a mere general allegation of title, omitting the facts upon which it is based, if permitted, would often result in what this rule is intended to prevent. It can only be avoided by requirement in the bill, of allegations substantially conforming to the essential elements of proof required of the plaintiff in an action of ejectment. In the absence of an allegation of a common source of title, facts requisite to title by adverse possession, or some other exonerating circumstance, the bill should deraign title from the State. Nothing less can amount to a statement of facts from which the court can see *prima facie* title in the plaintiff. A preliminary injunction cannot rightfully stand upon a bill that does not set forth the facts essential to perfect title. If they are not in the bill, they must appear in an affidavit filed in aid and elaboration of an allegation of title in general terms. *Ex parte Lund.* 6 Ves. Jr. 782; *Whitelegg* v. *Whitelegg*, 1 Bro. Chy. 57. Confirmation of this conclusion is found in observations made in *Thomas'*

v. *Nantahala etc. Co.,* 58 Fed. 485. Deraignment of title was excused there, only because the bill alleged pendency of an action at law to determine the question of title, and, further, because the defendant had waived sufficiency of the bill, by answering without having demurred to it. In *Fitzpatrick* v. *Childs,* 2 Brewst. (Penna.) 365, the court held that, in order to obtain an injunction, the plaintiff should set out his title particularly. In this respect, there can be no difference between an equitable title and a legal one. In either case, it is a mere matter of compliance with the rule requiring clearness. Certainty and definiteness of statement of the grounds of an application for the award of an extraordinary writ operative in advance of an adjudication of right between the parties.

The bill does not in any way excuse its failure to deraign title from the State, and it relies upon paper title only. The deeds exhibited do not show complete title. Possession is alleged, but the duration thereof is not given, nor are the elements of title by adverse possession set up. Sufficiency of allegation of such title is not claimed. If allegations of actual possession in the plaintiff and total lack of title in the defendant would suffice, the bill admits that the defendant claims the timber by virtue of a sale made to him by Carter, and thus discloses on its face a conflict of claims respecting title.

Our conclusion is that the bill is not sufficient for the purposes of a preliminary injunction and that the injunction awarded on it was properly dissolved, upon the motion made for dissolution thereof; but that it is sufficient for the purposes of an injunction by way of final decree, if it sufficiently alleges equitable title to the land.

This is denied in argument, on the ground that the deed from the Union Mining Company, exhibited with the bill and purporting to be a muniment of the title averred, contradicts the general allegation of title, by an affirmative showing that it was not validly executed by that company. It recites authority given to H. Crawford Black, by the corporation, to acknowledge the deed, as its attorney-in-fact. He executed it as president, in an informal way, affixed the seal of the cor-

poration and acknowledged the deed in due form. It also recites a consideration of $2,000.00 paid and the amended bill alleges willingness on the part of the corporation now to execute any further conveyances or assurances that ·may be necessary to pass such title as it has. This amply suffices to establish equitable title by executory contract executed on the part of the plaintiffs, if not by their vendor. From this conclusion, it is apparent that the demurrer to the bill should have been overruled.

For the reasons stated, the decree will be affirmed in so far as it dissolved the injunction, and reversed in all other respects, the demurrer to the amended bill overruled and the cause remanded.

*Affirmed in part. Reversed in part. Remanded.*