# CHARLESTON.

## ROSA M. GWINN v. J. M. ROGERS *et al.*

### Submitted November 14, 1922.   Decided December 12, 1922.

1.  APPEAL AND ERROR—*Appeal from Chancery Order Refusing to Dissolve Injunction Not Dismissed Because Improvidently Awarded.*

    An order in a chancery cause refusing to dissolve an injunction is an appealable decree, under sub-section 7, section 1, chapter 135, Code; and an appeal therefrom to this court will not be dismissed on motion of the appellee because the appeal was improvidently awarded. (p. 538).

2.  EVIDENCE—*Parol Evidence Inadmissible to Vary, Contradict, or Explain Written Lease.*

    Except in cases of fraud or mistake, parol evidence can not be admitted to vary, contradict, add to or explain the terms of a complete and unambiguous written lease, by proving that the agreement of the parties was different from what it appears upon the face of the lease. (p. 539).

3. SAME—LANDLORD AND TENANT—*Lessee Under Unambiguous Lease, Silent, May use Premises for any Lawful Purpose; Parol Evidence that Leased Premises Could be Used for One Purpose Only Inadmissible.*

Where the lessor has executed and delivered to the lessee an unambiguous lease, which is silent as to the uses to which the lessee may devote the demised premises, he may use the premises for any lawful purpose he may desire; and in a suit to enjoin the lessee from using the premises for purposes different from that desired by the lessor, parol evidence that it was verbally agreed between the parties to the lease that the premises should only be used for a certain purpose is inadmissible. (p. 539).

4. LANDLORD AND TENANT—*Injunction Against Waste by Lessee Denied Where no Substantial or Lasting Injury Shown or Threatened.*

In a suit by the lessor to restrain the lessee from committing waste on the demised premises, where no substantial or lasting injury is shown or threatened. an injunction should be denied. (p. 540).

5. MASTER AND SERVANT—*Injunction on Ground of Nuisance Not Awarded Unless Substantial Injury Threatened.*

And likewise, where the lessor alleges that the lessee is maintaining a nuisance upon the premises, an injunction should not be awarded unless substantial injury is threatened. (p. 540).

Appeal from Circuit Court, Fayette County.

Suit by Rosa M. Gwinn against J. M. Rogers and others. From order denying motions to dissolve or modify an injunction, defendants appeal.

*Reversed; Injunction dissolved; Bill dismissed.*

*C. R. Summerfield,* for appellants.
*Dillon & Nuckolls,* for appellee.

MEREDITH, JUDGE:

On February 1, 1922, the plaintiff, through her husband as agent, leased to defendant J. M. Rogers for a year a farm of about 12 acres located near McKendree in Fayette County. The lease reads as follows:

"This Contract made and entered into this the 1st day of February, 1922; between J. H. Quinn of the first part, and J. M. Rogers of the second part. Party of the first part, has this day rented to the party of the second part, one farm, one dwelling house, one barn, one stable, and all outbuildings thereon. Same farm laying about one mile East of McKendree on the C. & O. R. R.

"Party of the second part agrees to pay to the party of the first part, ($125.) one hundred and twenty-five dollars rent for the period of one year ending February, 1923. Party of the second part is to pay ($25.00) twenty-five dollars down, and balance of ($100.) one hundred dollars the first of each following month until the *balence* of ($100.) one hundred dollars is paid.

"Party of the *seccond* part is to take good care of the houses, and property, and is not to cut any timber, except for fences or other building purposes.

J. H. Gwinn."

Defendant Rogers entered on the premises under his lease, and paid his rent as required by it. On the .... day of July, 1922, plaintiff presented her bill to the circuit court of Fayette County, against defendant Rogers, in which it is charged, among other matters, that the farm has been cultivated for general farming purposes; that it has an orchard on it of large bearing apple trees and a young apple orchard that has begun to bear; that there is located thereon a dwelling house, stable, chicken house and other buildings and other improvements; that for several years plaintiff has cultivated a portion thereof, raising, thereon various kinds of vegetables, and that in 1921 about 1½ acres were sowed in grass for meadow, and a good set obtained; that in January, 1922, defendant came to plaintiff's husband, her agent, and asked to rent the land for truck raising and general farming purposes; that her husband went with defendant over the land to show him the different parts thereof and discussed the various crops best adapted thereto; that they agreed upon the terms, and defendant leased the land for truck raising and general farming purposes and on February 1, 1922, came to plaintiff's home in Charleston, paid

plaintiff the initial payment and executed the lease above quoted; that the lease is silent as to the purposes for which the land should be used, but that it was distinctly agreed that it was to be used for truck raising and general farming only; also that defendant would protect the land sowed in grass and take care of the hay thereon.

That about April 1, 1922, a strike was called at some of the mines in the New River Coal field, near plaintiff's property, and that striking miners who had quit work under the strike call, with their families, numbering about 150 persons, were authorized and directed by defendant to enter plaintiff's property and to erect tents and temporary houses thereon; that under his authority and direction they have entered on plaintiff's meadow land, dug holes, set posts, put up tar-paper houses and tents over the meadow land, dug and are digging ditches and trenches through the meadow land to drain the water from the tents and houses and are each day committing continued trespasses thereon and permanently injuring her land; that they are committing waste and irreparable injury to her property by digging holes, setting posts, digging ditches through her meadow land and erecting temporary houses thereon; that the trespassers have no means out of which judgments for damages could be made, and that to obtain judgment would require the bringing of a multitude of law-suits; that the rent therefor is wholly insufficient to compensate for the damage being done; that the property is being used for purposes that constitute a nuisance. Plaintiff prays for an injunction to restrain defendant from permitting her lands to be used for such purposes and that the miners be inhibited from coming on the premises for any such purposes; that defendant be restrained from using her property for any purpose other than that for which it was leased, that is, for truck raising and general farming, and that a mandatory injunction be awarded commanding the defendant and his associates who are now attempting to hold the property as a tent colony, except the defendant Rogers, to immediately vacate and remove from the premises and take away the temporary houses and tents therefrom.

Defendant Rogers appeared and filed his demurrer and answer to the bill and certain affidavits were filed by the parties, whereupon the court denied the injunction. Plaintiff asked leave to amend her bill, and on August 12, 1922, the plaintiff tendered her amended bill in vacation; by the amended bill it is alleged that the lease filed with the original bill is only a memorandum and it does not show nor pretend to show the full and complete agreement, but reiterates that the distinct agreement was that Rogers was to use the land for truck raising and farming only. A number of the miners are made parties, but not all of those occupying the premises. It is averred that the premises are not being used for the purposes for which they were leased; that about July 15, 1922, some of the defendants procured five cases of high-powered rifles, together with several cases of ammunition and carried them to the tent colony and that they, other than defendant Rogers, practice shooting the rifles upon the premises and immediate neighborhood, and alarm the community and have become a menace thereto; that the tent colony has become an armed camp, and the use of plaintiff's land for such purposes is wholly foreign to the purposes for which it was to be used; that plaintiff is informed that recently some of the defendants have brought dynamite in large quantities upon the premises.

Defendants appeared, filed their answer thereto, and the parties filed divers affidavits in support of their pleadings. On consideration thereof, the court awarded an injunction restraining the defendants, their agents or representatives from erecting houses or tents on the land, or from trespassing on it or remaining thereon and from using the property for any purpose other than for farming; Rogers is required within fifteen days from the time plaintiff shall execute an injunction bond, to clear the property of the tent colony, temporary houses and obstructions, and from permitting the premises to be used for the location of tents or temporary structures; and all the defendants other than Rogers, and all persons tenting upon or occupying the premises for other than farming purposes are commanded to vacate the prem-

ises within fifteen days from the execution of the injunction bond until the further order of the court.

Later, but just when, the record does not show, defendants, upon notice, moved the court to dissolve the injunction. This motion was overruled. Then they moved the court to modify the order so as not to require those living in the tent colony to vacate the tents and temporary houses until the cause might be regularly matured, depositions be taken, and a final hearing had thereon. This motion was also overruled and defendants appealed.

The first question to be disposed of is the motion of plaintiff to dismiss the appeal as being improvidently awarded. This can not be done. Under sub-section 7, section 1, chapter 135, Code, a party to a controversy in any circuit court may obtain an appeal from a decree of such circuit court "In any case in chancery wherein there is a decree or order dissolving or refusing to dissolve an injunction, or requiring money to be paid, or real estate to be sold, or the possession or title of the property to be changed, or adjudicating the principles of the cause." Plaintiff's counsel in their argument ignore the expression "dissolving or refusing to dissolve an injunction," and argue that the decree requiring the defendants, other than Rogers, to vacate the farm and to remove their tents and houses therefrom is not such a change of the possession of real estate as is contemplated by the above provision. We can not accede to this view; but no matter whether a change of possession of real estate within the meaning of the statute is required by the order, the order refuses to dissolve the injunction, and this gave defendants a right to appeal from it. The appeal will therefore not be dismissed as being improvidently awarded.

Coming to the merits of the case, plaintiff bases her claim for an injunction upon three grounds:

1. That her lessee is using her lands for purposes contrary to the terms of the lease.

2. That he and his sub-tenants are committing waste.

3. That they are maintaining a nuisance on the premises.

In order to maintain her first ground she introduces parol

evidence of conversations between her agent and the lessee before the lease was executed. Can this be done? There is no claim that the contract is ambiguous, but that it is incomplete; that it does not express the whole agreement, in that it omits a statement of the uses to which the lessee is to devote the land. We think the lease is complete. The general rule is well settled that parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to or explain the terms of a complete unambiguous written instrument, and this rule applies to written leases as well as to any other form of contract. "Parol evidence can not be admitted (unless in cases of fraud or mistake) to vary, contradict, or explain the terms of a written agreement by proving that the agreement of the parties was different from what it appears by the writing to have been." *Howell* v. *Behler,* 41 W. Va. 610, 24 S. E. 646; *Kline* v. *McLain,* 33 W. Va. 32, 10 S. E. 11; 5 L. R. A. 400; *Calhoun* v. *Wilson,* 27 Gratt. 639; *Tait* v. *Central Lunatic Asylum,* 84 Va. 271, 4 S. E. 697. In *Rickard* v. *Dana,* 74 Vt. 74, 52 Atl. 113, it was held that: "In ejectment against an assignee of the lessee, parol evidence that it was verbally agreed between the parties to the lease that the premises should only be used for a certain purpose, or that the lessor would rent to no one but the lessee, is not admissible." Plaintiff does not allege any fraud or mistake, nor seek a reformation of the lease on any such ground, but she wants to engraft on it the purpose for which she says the lands were to be used. This can not be done. When the lease was executed and delivered to defendant, and was silent as to the uses to which the lessee was to devote the lands, he had the right to use the lands for any lawful purpose he desired. The evidence offered by plaintiff to add to the lease is wholly inadmissible and can not be considered, and there is no foundation for her first ground alleged for the injunction.

The second ground alleged is that defendants are committing waste. This ground is sufficient to warrant a court of equity in enjoining it, but in such case the bill must aver facts sufficient to show that the injury threatened is irre-

parable by an action at law. But what is waste? It is any permanent or lasting injury done or permitted to be done by the holder of the particular estate to lands, houses, or other corporeal hereditaments, to the prejudice of the heir or of him in remainder or reversion. 28 Amer. & Ency. Law, 862.

In *Greathouse* v. *Greathouse,* 46 W. Va. 21, 32 S. E. 994, it was held that "Trivial and vexatious allegations of waste, capable of pecuniary compensation, are insufficient to give equity jurisdiction or authorize the granting of an injunction." There it was alleged that the life tenant was not properly cultivating and taking care of a farm of twenty-five acres, but was permitting it to grow up in briars, the fencing and buildings to fall into decay for want of repairs, plowing sod land, cutting down an oak tree worth fifteen dollars, and some twenty cross-ties worth about twenty dollars. This court reversed the circuit court, dissolved the injunction and dismissed the bill for want of equity, and yet there was much more substantial damage shown in that case than in this.

The defendants in the present case deny all the substantial allegations of waste. We think it is apparent that there is no substantial injury of a permanent or lasting nature shown. The holes they have dug for posts for the three temporary houses, the tent peg holes, the small drains around their tents and houses are as temporary as the structures themselves. Defendants' affidavits show that all this can be restored for the sum of ten dollars, and this is not denied. Plaintiff says they are tramping out the grass, but it will doubtless grow again with the returning spring. So far as we can see, there is no such permanent injury being committed or threatened as will warrant an injunction on the ground of waste. Our view is strengthened in this regard, because the trial court refused to award any injunction until the plaintiff had amended her bill, and the amendment did not add anything new on the subject of waste.

For a third ground plaintiff alleges that defendants are maintaining a nuisance on her land, by maintenance of a tent colony of about 150 persons; by having thereon a great num-

ber of high-powered rifles which some of them use in target practice, thus creating alarm in the community; and by bringing on her premises a large quantity of dynamite. Defendants say that only eight rifles were brought on the premises and that this was done because some unknown persons on one occasion shot into the colony at night and the rifles were brought there by certain individuals for their protection; as to the dynamite, they say a small boy found a stick of dynamite on the railroad, brought it to camp and as soon as it was learned what it was it was destroyed, and that that is all there is to that charge. We think the charge as to the rifles and dynamite is unfounded. But whether the tent colony be a nuisance or not, the plaintiff has not shown any special or material injury. Her home is in Charleston. No neighbor in the vicinity of the tent colony complains, so plaintiff must fail on this ground.

While there is an averment in the bill that the defendants have no property out of which any judgments for damages can be collected and that equity has jurisdiction in order to avoid multiplicity of suits, we do not deem this allegation sufficiently important to warrant extended discussion. It might be material if substantial damages were threatened, but mere insolvency is not enough; nor is it material that defendants are numerous, and that the damage, if any, recoverable against each may be small. We do not think that under such circumstances the process of a court of equity should be substituted for a writ of unlawful entry and detainer.

For the foregoing reasons, the decree of the circuit court will be reversed, the injunction dissolved, and the bill and amended bill dismissed for want of equity.

*Reversed; Injunction dissolved; Bill dismissed.*