# CHARLESTOWN.

## Cox v. Douglass.

Submitted June 19, 1882.—Decided August 19, 1882.

1. An injunction is not granted to restrain a mere trespass to real property, when the bill does not clearly aver good title in the plaintiff; nor even then, as a general rule, where the injury complained of is not destructive of the substance of the inheritance, of that which gives it its chief value, or is not irreparable but is susceptible of complete pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law. (p. 178.)

2. A deed, which in the granting clause "grants and conveys" to "A" the land therein described, cannot be said to show title in B, because the deed concludes: "to have and to hold to the *said* B," when he was not named in the premises. (p. 178.)

3. An injunction will be dissolved at the hearing of a motion to dissolve on bill and answer sworn to, if the answer fully, fairly, plainly, distinctly and positively, denies the allegations of the bill. (p. 179.)

4. An injunction will not be granted to restrain the cutting of timber and removing it from land on the sole ground that the plaintiff has brought an ejectment suit against the defendant to try the title to the same land. (p. 181.)

| | |
|---|---|
| 20 | 175 |
| 34 | 415 |
| 20 | 175 |
| 39 | 222 |
| 20 | 175 |
| 42 | 437 |
| 20 | 175 |
| 44 | 748 |
| 20 | 175 |
| 46 | 22 |
| 46 | 740 |
| 20 | 175 |
| 47 | 332 |
| 47 | 401 |
| 20 | 175 |
| 48 | 808 |
| 48 | 878 |
| 48 | 541 |
| 20 | 175 |
| 49 | 447 |
| 20 | 175 |
| 52 | 10 |
| 52 | 11 |
| 20 | 175 |
| 53 | 222 |
| 20 | 175 |
| 56 | 122 |
| 57 | 220 |
| 20 | 175 |
| 60 | 476 |

Appeal from an order of the judge of the circuit court of the county of Ritchie made in vacation on the 11th day of March, 1882, in a cause in said court then pending, wherein D. S. Cox was plaintiff, and Andrew Douglass was defendant, allowed upon the petition of said Douglass.

Hon. Thomas J. Stealey, judge of the fourth judicial circuit, made the order appealed from.

The facts of the case are stated in the opinion of the Court.

*R. S. Blair* for appellant cited 7 W. Va. 223 ; 11 W. Va. 464.

*Thomas E. Davis* for appellee cited 18 Am. Dec. 350; 3 Am. Dec. 210; 6 Am. Dec. 241, 376.

Johnson, President, announced the opinion of the Court:

D. S. Cox on the 2d day of March, 1882, obtained an injunction against the defendant, Andrew Douglass. The bill alleges, that the plaintiff is the owner of one hundred and ninety-five acres of land in Ritchie county, describing it by reference to a deed filed as exhibit "A;" that there was a dispute as to the title; and that Andrew Douglass has entered upon the said land and claims title thereto; that plaintiff has instituted in the circuit court of Ritchie county an action of ejectment against said Douglass to settle the title to said land, which suit is still pending and undetermined; that there is valuable timber growing on said land, which said defendant, Douglass, is cutting and destroying and removing from said land, which, if permitted, will injure the value of said land; and that said Douglass is insolvent. The bill prays an injunction restraining said Douglass from cutting and destroying the timber growing on said land and from removing any that is cut, until the said ejectment suit is heard and determined.

The deed filed as exhibit "A" is in substance as follows: "This deed made this fourth day of February, 1875, between Elijah Iserman, and Mollie C. Iserman, his wife, of the city of Parkersburg, of the county of Wood and State of West

Virginia, of the first part, and Mrs. Mary M. Cox of the county of Wood and State of West Virginia, of the second part, witnesseth: That for and in consideration of five hundred and twenty dollars in hand paid, the receipt whereof is hereby acknowledged, said party of the first part doth grant, bargain and sell and convey unto the said party the following described property to-wit:" Then follows the description, and the concluding part is as follows: "To have and to hold the same unto the said D. S. Cox, heirs and assigns forever with covenants of special warranty, together with all the appurtenances thereto belonging. Witness the following signatures and seals," and is signed and sealed by the grantees.

The answer of Douglass denies, that Cox is the owner of the land; but avers, that he is the owner of said land under a grant from the commonwealth of Virginia. It denies the charge, that defendant is cutting and destroying the timber on said land and removing it therefrom, and also denies the charge of insolvency; but admits that the plaintiff has instituted an ejectment suit against him in the circuit court of Ritchie county to recover said land and try the title thereto, and that the same is still pending and undetermined. He prays, that the injunction may be dissolved, and the bill be dismissed.

In chambers on the 11th day of March, 1882, the judge made an order, which, after stating the title of the cause, and that it was heard on a motion to dissolve the injunction, says: "This motion came on this day to be heard before me Thomas J. Stealey, judge of the fourth judicial circuit of West Virginia, in chambers in the town of Harrisville, W. Va., upon motion to dissolve the injunction heretofore awarded in this cause, which notice was duly executed upon the plaintiff, the bill of complaint, the answer of Andrew Douglass, which was filed at the hearing of said motion, and exhibits filed with the said bill, and was argued by counsel for complainant and defendant. On consideration whereof, the court is of the opinion, that the said injunction awarded in open court on the 2d day of March, 1882, in this case ought not to be dissolved; it is therefore adjudged, ordered and decreed, that

the motion to dissolve said injunction awarded in this case be and the same is hereby overruled."

Ought the injunction to have been dissolved?

An injunction is not granted to restrain a mere trespass to real property, when the bill does not on its face clearly aver good title in the plaintiff; nor even then, as a general rule, where the injury complained of is not destructive of the substance of the inheritance, of that which gives it its chief value, or is not irreparable, but is susceptible of complete pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law *McMillan* v. *Ferrell*, 7 W. Va. 223. But a court of equity will enjoin a mere trespass to real property, where good title in the plaintiff is alleged, and it is also alleged in the bill, that the trespasser is insolvent; because in such case the party could have no adequate remedy at law.

The bill in this cause does not allege good title. The plaintiff alleges, that he is the owner of the land, and vouches as proof thereof a deed, which is made a part of the bill, by which it appears, that the land, on which the alleged trespass was committed, was thereby granted to another person, Mrs. Mary M, Cox. It is true, that it says in the conclusion, "To have and to hold unto said D. S. Cox, heirs and assigns forever;" but D. S. Cox was not before named in the deed at all, and there certainly was no land by said deed granted to him; with respect to the *habendum* its office is only to limit the certainty of the estate granted; therefore no person can take an immediate estate by the *habendum* of a deed, where he is not named in the premises; for it is in the premises of a deed that the thing is really granted. If land be given to J. S. *habendum* to him and a stranger for a certain estate, this is void as to the stranger, because he was not mentioned in the premises; and when J. S. dies there will be no occupancy; for the grant to the stranger in the *habendum* was intended as an estate to him and not as a limitation of the estate of J. S. There are however some exceptions to this rule. " 1. A person not named in the premises may take an estate in remainder by the *habendum*. 2. If no name whatever be mentioned in the premises then a person named in the *habendum* may take. *    *    * In declarations of uses a

use may be declared in the *habendum* to a person, to whom no estate is granted in the premises," 2 Lomax. Dig. 215. It certainly cannot be claimed this is a declaration of a use; it would rather seem to be a clerical mistake of the scrivener.

This defect in the bill was of itself sufficient to require the court to dissolve the injunction, unless the court had jurisdiction by the mere allegation of the fact, that an ejectment suit by plaintiff against defendant to secure the land on which the alleged trespass was committed, was pending and undetermined, which question we will presently consider. Besides this defect in the bill the answer denied every allegation of the bill except the pending of the ejectment suit.

It is a general rule in equity, that an injunction will be dissolved at the hearing of a motion to dissolve on the bill and answer sworn to, if the answer fully, fairly, plainly, distinctly and positively denies the allegations of the bill on which the injunction was granted, and if the material allegations of the bill are not supported by proof other than the affidavit verifying the truth of its allegations. *Hayzlett* v. *McMillan,* 11 W. Va. 464. Every allegation of the bill in this case was fully, fairly, plainly, distinctly and positively denied by the answer. The court therefore erred in refusing to dissolve the injunction, unless the mere fact of the pendency of the ejectment suit gave the court jurisdiction and required it to continue the injunction in force until the determination of said ejectment suit. It is insisted by counsel for appellee, that the denial of the plaintiff's title in the answer does not warrant the dissolution of an injunction against waste, pending an ejectment suit between the parties as to the same land; and he cites *Duval* v. *Waters,* 1 Bland's Chy. 569. That case I think fully sustains the position of the counsel. In that case the chancellor says, 18 Am. Dec. 363:

"The writ of injunction in case of this kind to stay waste, pending a suit to try the right, has, in Maryland, taken the place, and performs the office in all respects, of the ancient writ of estrepement. It is an injunction not founded on any privity of title or contract, whatever; it is an attendant upon, and an auxiliary of, the action at common law, or the suit in this court, in which the title has been or may be

called in question; it follows and shares the fate of that suit, and can not be dissolved upon an answer, in any way denying the plaintiff's title, until that suit has been fully determined in favor of the defendant.    *    *    It must however be recollected, that there is no instance of this court's ever having interfered by an injunction, to prevent a mere trespass not instant, and irreparable, when no suit has been instituted, here or in a court of common law involving the title."

The chancellor does not claim, that an injunction was ever granted for such cause in England, and cites no authority outside of Maryland to sustain him, that does so, except *Shubrick* v. *Guerard*, 2 Des. Eq. 616. He relies on the practice and decision of Maryland from a very early period.    The case in South Carolina *supra* was much like the one at bar, and Mr. Desaussure, resisted the application, and said: "This is the common case of trespass and a dispute about the title between persons claiming by adverse titles where there is a plain and adequate remedy at law.    The defendant is in possession and the actual cultivation of the land; and the right is triable at law.    That the complainant has brought a suit to try the title which is now depending; and if the court should interfere in this case to restrain the defendant, from cutting down timber and cultivating the land, till the legal title should be established at law, it might as well do so in every case of trespass and a disputed title, which would be a very injurious interference with the rights of property."

The reporter, Judge Desaussure, says: "Chancellor Rutledge granted the injunction in this case restraining the defendant from cutting timber or committing other waste till the trial and determination at law of the rights of the parties. No note has been preserved of the grounds of the decree. The defendant afterwards filed a demurer, but is was never argued, the parties having compromised.    This is the only case, which is remembered, of the court of equity in this State having ever granted an injunction to restrain a defendant in possession, and claiming by an adverse title, from cutting down timber, or exercising other act of ownership, over his property, till the trial and determination of the right, at law."    In a note to the report he reviews many English cases, none of which countenance such a practice, and says at the

close of his review : "The only case, which I find decided in America on this point is that of *Stevens* v. *Beekman and others*, 1 Johnson Ch. Rep. 318.    It was argued before Chancellor Kent of New York, who refused to grant the injunction against the repetition of the trespass, by defendants who claimed under an adverse title, or had no title.    That eminent judge said it was the case of an ordinary trespass on land and cutting down timber, the plaintiff was in possession, and had complete and adequate remedy at law.    And if the precedent were once set, it would lead to a revolution in practice, and would be productive of public inconvenience. There was nothing special or peculiar in the case to call for this particular relief."

He concluded his able note as follows :    "It appears from this review of the decided cases, that the court has relaxed the ancient strictness of the rule, and has granted injunctions to restrain the commsion of trespass in certain specified cases. These are where irreparable damage might be the consequence, if the act continues, or where the trespass has grown into a nuisance; or where the principle of the prevention of a multiplicity of suits among numerous claimants was applicable; or where the persons cutting timber got possession under articles to purchase as in 15 Ves. 138; or where the trespasser colluded with the tenant.    But that without the special circumstances which have induced the relaxation, the rule remains in force, to-wit, that in case of trespass committed by a person who is a mere stranger, or claims under an adverse title, the court will not enjoin but leave the plaintiff to his remedy at law."

We have searched the Virginia Reports in vain for any countenance given the Maryland decision on this subject; and, so far as I know, the Maryland practice has not obtained in the other States.    We can see no reason for an injunction to restrain the cutting of timber on land pending a suit to try the title to the land, unless the defendant is insolvent, or it appears, that if the injunction is not granted, the plaintiff will suffer irreparable damage.    Where there is a complete and adequate remedy at law, a court of equity will not interfere.    When the party invokes the aid of a court of law to try his title to land, that is no reason in itself, why a court of

equity should restrain the defendant from cutting timber on the land pending the suit. It would be very inconvenient to adopt such a practice; and in many cases it would work the grossest injustice. A man owns or thinks he owns 1,000 acres of timber-land; he has made a contract to deliver at a certain time 1,000,000 staves to be taken therefrom, he has hired his men and has nine-tenths of the staves manufactured; he is worth ten thousand dollars over and above the value or the land. Is it not unjust to permit a man, who has not any claim of title to the land, and who has instituted an action of ejectment against him for the recovery of the land, to obtain an injunction to prevent him from cutting any more timber or taking off the land the staves already manufactured, until his suit at law is determined, without any charge in the bill, that the defendant is insolvent, or that the plaintiff would suffer irreparable damage? The man might be ruined by such an injunction, and the plaintiff not injured by its refusal.

We think the same allegations must accompany the bill to authorize an injunction to restrain the cutting of timber on land, whether there is or is not an action at law pending between the parties to try the title to the land.

The circuit court of Ritchie erred in refusing to dissolve the injunction. The order refusing to dissolve the injunction is reversed with costs to the appellant; and this Court proceeding to make such order as the judge of the circuit court of Ritchie county should have made upon the hearing of the motion to dissolve said injunction made in chamber, the said injunction is dissolved; and this cause is remanded to the circuit court of Ritchie county for further proceeding therein to be had.

The Other Judges Concurred.

Order Reversed.    Cause Remanded.