# CHARLESTOWN.

SCHOONOVER v. BRIGHT.

Submitted June 16, 1884—Decided October 1, 1884.

1. An injunction will be dissolved on the hearing, if the answer fully, plainly and positively denies all the material allegations of the bill on which the injunction was founded and there is no proof to establish said allegations. (p. 700.)

2. To warrant the interference of a court of equity to restrain a trespass, two conditions must co-exist: *First*, the plaintiff's title must be undisputed or established by legal adjudication; and, *second*, the injury complained of must be irreparable in its nature. (p. 701.)

3. It is not, in such case, sufficient that the bill contains mere general averments of irreparable mischief, but the facts constituting such mischief must be set forth. (p. 701.)

4. A case in which an injunction granted to restrain the cutting and removing of the timber from land claimed by the plaintiff was wholly dissolved.

The facts of the case are stated in the opinion of the Court.

*P. Lipscomb* for appellant.

*A. B. Parsons* for appellee.

SNYDER, JUDGE:

Appeal from a decree of the circuit court of Tucker county, entered May 16, 1882, in a suit therein pending in which Granville T. Schoonover was plaintiff and George W. Bright and others were defendants, awarded on the petition of the said George W. Bright.

The material allegations of the bill are, that the plaintiff and those under whom he claims title were, in the year 1844, and have been ever since, the owners and in the actual possession of a tract of land situate in Randolph and Tucker counties, claiming the same under a deed calling for two hundred and twenty-five acres, but the boundaries of which described therein, in fact contain one thousand nine hundred and eighty-eight acres, and that he, the plaintiff, is now

the absolute owner and in possession of eight hundred acres of said tract; that the defendant John Bright claims to have obtained from the State of West Virginia, in the year 1867, a grant for a tract of land, seventy-two acres of which laps on the plaintiff's land; that the defendant George W. Bright obtained from said John Bright a deed for that part of said grant which laps on plaintiff's land; and that, in 1881, the said George W. Bright and the defendant Thos. W. Bright went on the said seventy-two acres of land and commenced cutting and removing therefrom the poplar, ash and cucumber timber and rafting the same down Cheat river to market without any authority; "that the said Brights are now committing trespass and waste on said land by cutting and removing the valuable timber therefrom and thereby entailing on your orator irreparable injury, loss and damage," and the plaintiff "charges that he believes the said John Bright is colluding with his brother (George W. Bright) in committing said grievance, and it was the intention of said Brights to get a kind of color of title to said land which they hoped would ripen into a perfect title and thereby wrong your orator out of his said land." The plaintiff then avers "that he is the only lawful owner of said land and that he is immediately going to institute his action of ejectment against the said George W. Bright to eject him from the said land upon which he is holding and claiming title." The prayer is, that the defendants may be enjoined from further trespassing and committing waste upon said land and from removing any timber from the same theretofore cut thereon, &c. The bill was duly sworn to by the plaintiff and on January 17, 1882, the judge of said circuit court granted the plaintiff an injunction as prayed for in the bill.

The defendant, George W. Bright, the appellant here, answered the bill alleging that he has been in the actual possession of the tract of land on which he was cutting and removing the timber referred to in the plaintiff's bill for more than ten years before this suit was commenced, claiming the same by title derived from the State; and denying that the plaintiff has any title or right to the said land. He denies that he has trespassed or committed any waste on the land of the plaintiff or cut or removed any timber therefrom,

but that all the timber cut and removed was from his own land. The answer fully denies every material allegation of the plaintiff's bill and prays that the injunction may be promptly dissolved.

The cause having been matured, came on to be heard, May 16, 1882, upon the bill, exhibits, answer with general replication thereto, the argument of counsel and the motion of the appellant to dissolve said injunction; whereupon the court dissolved the injunction "to the extent of permitting the defendants to remove any timber that may have been severed from the land in controvery in this suit prior to the granting of said injunction but no further." The appeal is from this decree.

The appellant complains that the court erred in not wholly dissolving the plaintiff's injunction. This is the only question presented by the record. All the allegations of the bill having been fully, plainly and positively denied by the sworn answer of the appellant, and there being no proof in the cause except the deeds exhibited, the injunction should have been dissolved at the hearing on that ground—*Hayzlett* v. *McMillan*, 11 W. Va. 464; *Pithole C. P. Co.* v. *Rittenhouse*, 12 *Id.* 313.

But the injunction ought to have been dissolved and the bill dismissed in this cause for another reason. The bill on its face shows no ground for equitable jurisdiction. In *Cox* v. *Douglass*, 20 W. Va. 175, this Court decided that "an injunction is not granted to restrain a mere trespass to real property when the bill does not clearly aver good title in the plaintiffs, nor even then as a general rule, when the injury complained of is not destructive of the substance of the inheritance of that which gives it its chief value, or is not irreparable but susceptible of complete pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law." The same case also decides that, "an injunction will not be granted to restrain the cutting of timber and removing it from land on the sole ground that the plaintiff has brought an ejectment suit against the defendant to try the title to the same land."

These principles of law fully dispose of this cause. The plaintiff here, it is true, alleged that he had title to the land

in question, but his bill also shows that that title is disputed by the defendant and there is no proof to establish or even tending to prove that the trespass or alleged waste of which the plaintiff complains was on any part of the land claimed by him. To warrant the interference of a court of equity to restrain a trespass, two conditions must co-exist: *First*, the plaintiff's title must be undisputed or established by legal adjudication; and *second*, the injury complained of must be irreparable in its nature. And to come within the rule the injury must be of such a nature as not to be susceptible of pecuniary compensation in damages unless there are other equitable grounds, such as the insolvency of the defendant— High on Inj. § 460.

It is not sufficient that the bill contains mere general averments of irreparable mischief, but the facts constituting such mischief must be set forth, so that the court may determine from the facts so stated, whether or not the mischief or damage is in its nature irreparable—*White* v. *Flannigan*, 1 Md. 525; *Waldron* v. *Marsh*, 5 Cal. 119.

In the case at bar the bill admits that the title is disputed. It does not aver any facts to show that the alleged damage will be irreparable. The averment is general without any facts to distinguish the trespass complained of from any ordinary trespass upon land and removing the timber therefrom. If the facts alleged have any tendency to define the nature of the damage alleged to have been done, they tend to prove that the damage is not irreparable. The plaintiff does not aver that the defendants or any of them are insolvent or assert any ground of equitable relief. The bill alleges that the plaintiff is going to institute an action of ejectment to eject the defendant, but it is not pretended that such action was pending when the injunction was granted. But even if such had been the fact the bill could not have been maintained—*Cox* v. *Douglass*, *supra*. This, it seems to me, is simply an attempt to prosecute an action of ejectment in a court of equity and it cannot be sustained upon any ground or principle of equity jurisprudence.

The said decree of the circuit court, must, therefore, be reversed with costs to the appellant against the plaintiff, the

injunction wholly dissolved and the plaintiff's bill dismissed with costs to the defendants in the circuit court.

REVERSED.