# CHARLESTON.

## DUNN v. BAXTER.

Submitted January 20, 1888.—Decided February 4, 1888.

INJUNCTION—TO RESTRAIN JUDGMENT-SALE.

An injunction will not lie in this State to restrain the sale of real estate under an execution issued for a private debt. Nor will it lie to restrain the sale of personal property which is owned by a third party, and not the execution debtor, unless it is shown that irreparable damages will result therefrom.

*Haymond & Byrne* for appellant.

No appearance for appellee.

SNYDER, JUDGE:

Suit in equity, brought in the Circuit Court of Braxton county, by Emma S. Dunn against Felix J. Baxter and A. C. Dyer, sheriff of said county, to enjoin the defendants from selling a certain shop. The injunction was granted and the bill filed in January, 1885. The defendant, Baxter, demurred to and answered the bill; general replication was filed to the answer; depositions were taken by both parties; the demurrer was overruled; and on the final hearing the court, by its decree entered May 7, 1886, perpetuated the injunction, and ordered the defendant, Baxter, to pay the plaintiff her costs. From this decree Baxter has appealed. The plaintiff alleges in her bill that she is a married woman, the wife of Richard Dunn; that in December, 1879, she purchased from P. B. Adams, with money derived from her separate estate, a certain lot of land in the town of Sutton, Braxton county, which was conveyed to her by the said Adams; that on the south-west side of said lot there is located a street running diagonally across the rear of the lot, and leaving at the front and south side of it a space of some 10 or 12 feet of vacant ground, triangular in shape, the base fronting on Main street; that by some arrangement Adams procured said triangular strip of ground from the town of

Sutton many years before her purchase from him, and in pursuance of said acquisition he, over 10 years ago, was put in possession of said strip and inclosed the same by a fence, and he continued to occupy it until he sold the lot and delivered the possession to her, and she has ever since had it in actual possession; that she claims said strip as a part of her lot, though the same is not embraced in her deed for the lot; that in the year 1880 she erected a shop upon said strip of ground at a cost of about $200, and her husband has since occupied the shop to carry on his trade as a tinner, and both said ground and shop are her separate real estate; that in 1883 the defendant, Baxter, recovered a judgment against her husband for debt, upon which execution has been issued and levied upon said shop, and that he will have the same sold to satisfy said execution unless restrained. She charges that the said shop is in no way liable to be seized and sold under said execution, for the reason—*First*, that it is a part of the real estate; *second*, that it is her separate estate, and in no wise subject to the control of her husband or liable for his debts. The defendant, Baxter, in his answer, denies that either Adams or the plaintiff ever owned the lot on which said shop stands; that Adams never claimed to own it and never pretended to sell it to the defendant. He avers that it is part of a public street of said town, and that it has also been used as a public road for nearly 50 years; that said shop was built and paid for by the husband of the plaintiff, and is his property; that it was built on a part of the street by permission of the mayor of the town, and is nothing but personal property. He denies that the plaintiff has any right or claim to said shop, or that she furnished any means for the building of it. Adams, the vendor of the plaintiff, in his deposition, says that when he sold the lot to the plaintiff the fence included a part of the street; that he told her husband, who was acting for the plaintiff at the time of the sale, that he had no title to the strip on which the shop now stands, but that it was a part of the street, and had been included by the fence around his lot by the verbal consent of the mayor of the town, and that he had never claimed to be the owner of said strip. The other two witnesses whose depositions are filed in the cause, prove facts which clearly show

85

that the shop was built by the labor and means of the husband of the plaintiff, and that he occupied it and carried on his trade in it in his own name and for his own benefit.

Neither according to the law nor the facts, was the plaintiff entitled to any relief. If the shop was a part of the realty of the plaintiff, as alleged in the bill, then a sale of it could not affect the title of the plaintiff in any manner. It would not even cast a cloud upon her title, because a sale, or attempted sale, of real estate, under an execution for a private debt, in this State is an absolute nullity, and would confer upon the purchaser no right or title whatever. There is no allegation in the bill or attempt to show that the defendant is seeking or threatening to remove the shop from the lot of the plaintiff. Without such an allegation the bill is clearly demurrable, and should have been dismissed on the demurrer. But if the bill could be construed to be a proceeding to restrain the sale of personal property for the debt of a third person, it could not be maintained. *Baker* v. *Rinehard*, 11 W. Va. 238; *White* v. *Stender*, 24 W. Va. 615. And the facts proved, show not only that the shop is the property of her husband, but that the plaintiff has no right or claim to it or interest in it, and that therefore she has no right to maintain this suit. *Barr* v. *Clayton*, 29 W. Va. 256. For these reasons, the decree of the Circuit Court must be reversed, the injunction dissolved, and the plaintiff's bill dismissed.

REVERSED.