# CHARLESTON.

## Becker *et al. v.* McGraw.

### Decided December 15, 1900.

1. **Boundaries—*Settlement—Equity*.**
   A court of equity has no jurisdiction to settle the title and boundaries of land when the plaintiff has no equity against the party who is holding the land. (p. 540).

2. **Injunction—*Trespass on Land*.**
   To warrant the interference of a court of equity to restrain a trespass on land, two conditions must co-exist: First, the plaintiff's title must be undisputed, or established by legal adjudication; and, secondly, the injury complained of must be irreparable in its nature, unless there exist other grounds of equity. (p. 541).

3. **Irreparable Injury—*Facts Must be Set Forth*.**
   It is not sufficient that the bill contains general allegations of irreparable injury; the facts constituting such injury must be set forth. (p. 541).

Appeal from Circuit Court, Jefferson County.

Bill by Charles and Louis Becker against James C. McGraw. Decree for defendant, and plaintiffs appeal.

*Affirmed.*

McDonald & Beckwith, for appellants.

Mason & Mason, for appellee.

English, Judge:

This is a suit in equity brought in the circuit court of Jefferson County by Charles and Louis Becker against James C.

McGraw, in which the plaintiffs claim to be the owners of eight hundred and thirty-three acres of land located on the Blue Ridge mountain near Harpers Ferry, on which tract there is a valuable spring of soft water. They allege that, without any authority from them the defendant McGraw has taken possession of said spring, and without any right thereto, is draining the water from it and appropriating the same to his own use; that the spring constitutes the principal value of the land, and that their damage by reason of the unauthorized and unlawful acts of the defendant are irreparable; and they pray that the defendant may be enjoined from further diverting said spring and its waters.

The defendant demurred to plaintiff's bill; the demurrer was overruled, and thereupon the defendant filed his answer denying that the plaintiffs were the owners of the land on which said spring is located, or that they were in possession of it or of the land through which the stream from said spring flows, or that they have derived title to said land from the State of West Virginia by its sale for the non-payment of taxes; but alleges that the land has been in the continual, adverse, exclusive, notorious possession of himself and those under whom he claims for a period of perhaps over seventy-five years; and he proceeds to name the parties through whom he derived title. This answer was replied to, proof taken, and the court on hearing the cause, dismissed the plaintiffs bill; from which action of the court, this appeal was obtained.

Did the court err in dismissing the bill in this case?

It is apparent that the title to the land containing the spring is disputed; the plaintiffs claim that the defendant has committed a trespass on their land by collecting and conducting away the water from their spring, and the record discloses that there is a controversy in regard to the boundary of the plaintiffs land and that of the defendant, in the neighborhood of the spring. The bill contains no allegation that the defendant is insolvent, and while it claims that the damage resulting from the trespass will be irreparable, it does not state the facts upon which said allegation is predicated. In *Kemble* v. *Cresap,* 26 W. Va. 603, this Court held that "A court of equity has no jurisdiction to settle the title and boundaries of land, when the plaintiff has no equity against the party who is holding the land;" that "to warrant the interference of a court of equity to

restrain a trespass on land, two conditions must co-exist; first, the plaintiffs title must be undisputed, or established by legal adjudication; and second, the injury complained of must be irreparable in its nature, unless there exist other grounds of equity." "It is not sufficient in such case that the bill contains general allegations of irreparable injury; the facts constituting such injury must be set forth." See *Lange* v. *Jones,* 5 Leigh 192; *McMillan* v. *Ferrell,* 7 W. Va. 223; *Hill* v. *Proctor,* 10 W. Va. 59; *Cox* v. *Douglass,* 20 W. Va. 175; *Schoonover* v. *Bright,* 24 W. Va. 698.

It is true that in the case of *Anderson* v. *Harvey's heirs,* 10 Grat. 386, it was held that equity would take cognizance and restrain by injunction the taking of iron ore from a tract of land, although the title to the land was involved. Judge Daniel, speaking for the court in that case said: "The land upon which the trespass is alleged to be committed is proved to be of little value except for the iron ore found on it, which is proved to be of an excellent quality. The trespass is one which goes to the change of the inheritance, to the destruction of all that gives value to it." The case at bar is quite different. While it is alleged that this spring constitutes the principal value of the land, yet the proof shows that it is a bold ever-flowing fountain, and that a temporary diversion of the water does not tend to change the substance of the inheritance, the volume of water from the spring being the same each day, and the fountain would be unimpaired by waiting until the right to the land was determined by a court of law. In the case where iron ore or coal is being removed from land, when once taken from the mine, it cannot be restored to its original place in the earth; every ton removed detracts so much from the inheritance.

The bill in this case alleges that the spring in controversy is on the plaintiffs' land; the defendant in his answer denies positively that the plaintiff is the owner or is in possession of the land upon which the spring is located, or of the land through which its stream flows. The pleadings in the case therefore present a direct issue as to the title and boundaries of the land in question, and in my view of the case, in the light of the authorities above quoted, a court of equity had no jurisdiction to determine the questions presented. The decree of the court below dismissing the plaintiff's bill is therefore affirmed.

*Affirmed.*