JAMES H. WILES

*v.*

ALSTON WILES, etc.

(CC 759)

Submitted January 31, 1950. Decided March 21, 1950.

*Parrack, Snyder & Wehner, Charles V. Wehner, Melvin C. Snyder,* for plaintiff.

*Thomas W. Lewis, W. P. Samples,* for defendant.

HAYMOND, JUDGE:

This suit in equity was instituted by the plaintiff, James H. Wiles, in the Circuit Court of Preston County, to enjoin the defendant, Alston Wiles, individually and as executor of the will of Walter Wiles, deceased, from making sale, upon real estate possessed by the plaintiff, of several articles of personal property owned by the plaintiff. Some of this personal property is in the possession of the plaintiff on the real estate of which he is possessed and the residue is located on land owned and possessed by the defendant in his own right.

The defendant filed a written demurrer to the bill of complaint. The demurrer, which challenged the equitable jurisdiction of the court on several specified grounds, was overruled and upon the bill of complaint, on August 19, 1949, the court issued an injunction, effective during a period of two weeks from that date, which prohibited the defendant from selling the personal property in question, provided the plaintiff entered into bond with good security in the penalty of one thousand dollars conditioned according to law.

On September 3, 1949, within the period of two weeks, the plaintiff filed an amended bill of complaint. The court overruled the demurrer of the defendant to the amended bill of complaint, which assigned substantially the same grounds set forth in the demurrer to the original bill of complaint, and entered a decree which enjoined the defendant, as executor and individually, from selling the personal property in the possession of the plaintiff, but refused to enjoin him from selling the personal property not in the physical possession of the plaintiff.

Upon the joint application of the parties, the circuit court certified its ruling upon the demurrer to the amended bill of complaint to this Court. The points made upon the foregoing demurrer in substance present the single controlling question whether a court of equity has inherent jurisdiction, in a suit for injunctive relief, to enjoin a trespass and a sale, upon real estate possessed by the plaintiff, of several articles of ordinary personal property owned by the plaintiff, some of which are in his possession on the real estate occupied by him and the residue of which is in the possession of the defendant on real estate owned by him in his own right.

The amended bill of complaint alleges the following material facts which, when well pleaded, must be accepted as true on demurrer.

For many years prior to June 14, 1949, the plaintiff, who is the father of the defendant, lived with another son, Walter Wiles, on a small farm in Preston County, in which the plaintiff has unassigned dower as the husband of his deceased wife who owned it in fee at the time of her death. By virtue of his unassigned dower the plaintiff has the exclusive possession of the mansion house and the curtilage on the land. On June 14, 1949, Walter Wiles died testate and by his will, which appointed Alston Wiles executor, he bequeathed and devised all his personal property and real estate, except an undivided interest in timber upon a tract of land of about sixty two acres, to his brother, the defendant, Alston Wiles. On June 15, 1949, Alston Wiles qualified as executor without security under the will and caused personal property owned by the plaintiff, consisting of seventeen chickens, valued at $17.00, one colt, valued at $75.00, one threshing machine, valued at $100.00, one manure spreader, valued at $50.00, one saw mill boiler, valued at $25.00, and one saw mill, valued at $200.00, to be appraised as property of the estate of Walter Wiles. All these articles of personal property the plaintiff now owns and he now has, and for some time has had, possession of the chickens, the colt, the threshing machine and the manure spreader

on the land occupied by him, but the saw mill boiler and the saw mill, though owned by him, are located on the tract of land devised by Walter Wiles to the defendant Alston Wiles. As soon as the plaintiff learned that his property had been appraised as property belonging to the estate of Walter Wiles, he made protest to the commissioner of accounts to whom the estate had been referred, filed with the commissioner an affidavit asserting his ownership of the property and denying that any of it belonged to the estate, and requested the commissioner to eliminate his property from the appraisement. Despite this action by the plaintiff, the defendant, with full knowledge that the plaintiff owns all the foregoing items of personal property, advertised by means of printed hand bills a public sale of all of them to be conducted on the premises occupied by the plaintiff on the afternoon of August 20, 1949.

In addition to the foregoing facts the amended bill of complaint alleges that the defendant is about to sell the personal property owned by the plaintiff and commit "a trespass" on the land legally occupied by him; that the only means available to the plaintiff to prevent such sale and trespass is physical resistance on his part; that the plaintiff does not desire, and is not physically able, to engage in "physical combat" to prevent a trespass to his land or the sale of his personal property; that the defendant fraudulently caused the appraisement of the personal property of the plaintiff and is fraudulently trying to deprive the plaintiff of such property; that the plaintiff does not have an adequate legal remedy and will suffer irreparable injury and damage unless such sale and trespass are prevented and unless the defendant is compelled to deliver the boiler and the saw mill to the plaintiff.

The prayer of the amended bill of complaint is that the defendant, as executor and in his individual capacity, be enjoined from attempting to make, and making, sale of the designated items of personal property; that the defendant as executor be required to exclude such items from the appraisement; that they be decreed to be the

property of the plaintiff; that sale of the property be restrained until its ownership is fully determined; and that the plaintiff be granted general relief.

The plaintiff contends that as no adequate legal remedy is available which will enable him to prevent the defendant from making sale of the personal property owned and possessed by the plaintiff and committing a trespass for that purpose upon the land of which he is lawfully possessed, equity has jurisdiction to enjoin such sale and trespass and, in the exercise of its jurisdiction, to determine his title to all the personal property in question and compel the defendant to deliver to the plaintiff the two articles of personal property now on the land owned by the defendant in his own right.

In support of his contention that he has no adequate legal remedy, the plaintiff points out that he can not maintain an action of detinue against the defendant for the articles of personal property in the physical possession of the plaintiff because those articles are not now, or have not been, in the possession of the defendant. Of course a person in possession of personal property can not maintain detinue to obtain property of which he has possession. It does not follow, however, that, because he can not now institute an action of detinue for the personal property in his possession, the plaintiff has no adequate legal remedy for any injury which he suffers from the alleged expected acts of the defendant if they in fact occur and injury results.

The principal grounds assigned by the defendant in support of his demurrer are: (1) The plaintiff has an adequate legal remedy; (2) no irreparable injury to the plaintiff will result from a sale of his property or a trespass upon the land occupied by him; (3) equity is without jurisdiction to adjudicate title to the property included in the appraisement of the estate of the decedent, Walter Wiles; and (4) Alston Wiles in his own right is not a proper party to this suit.

From the material allegations of the amended bill of

complaint, which on demurrer must be taken as true, it is manifest that the relief sought by the plaintiff in this suit is protection against the proposed sale of his personal property, including the articles now in his possession and the consequent disturbance of that possession as to them, and the prevention of an accompanying trespass upon his land in connection with or as incidental to such sale.

With respect to the sale by the defendant of the personal property, as advertised, the firmly established general rule is that equity will not by injunction prevent an injury to, or a wrongful conversion of, articles of personal property unless there is no adequate remedy at law. In 43 C. J. S., Injunctions, Paragraph 71, the rule is stated in this language: "In the absence of special circumstances, injunction will not be granted to protect personal property or to prevent a trespass with reference thereto or a wrongful conversion thereof, since the remedy at law is as a rule adequate. Hence an action ordinarily will not lie to prevent the removal or conversion of personal property where the injury may be fully redressed by an action at law for damages, and, more particularly, where the taking may also be punished as a crime." To the same effect is this quotation from 32 C. J. 120: "As a general rule equity will not interfere to prevent an injury to, or a sale of, personal property, for the reason that an action at law for damages usually is an adequate remedy; but for the purpose of protecting specific chattels of such peculiar value that they cannot be the subject of adequate compensation by way of damages, injunctions may be granted." In 28 Am. Jur., Injunctions, Paragraph 140, with respect to trespasses to personal property, the text is: "The principles governing the right to injunctive relief against trespasses are fully operative in cases where injunction is sought to restrain a trespass upon personal property. Here, as in other cases, the important inquiry is as to the existence and adequacy of a legal remedy. That is, a trespass upon personal property constituting an irreparable injury for which a court of law can furnish no remedy by damages or otherwise which will adequately and fully compensate the injured party for the wrong

done may be enjoined. Instances of the issuing of injunction against such trespasses are necessarily very rare, and seem to be confined to cases where the property trespassed upon or taken has some peculiar intrinsic value to the owner that can not be compensated in money. If full compensation for the injury can be had by an action at law or otherwise, injunction to restrain the trespass will ordinarily be refused."

In *Pardee* v. *Camden Lumber Company*, 70 W. Va. 68, 73 S. E. 82, 43 L. R. A. (N. S.) 262, in which this Court held that equity has jurisdiction to enjoin the destruction of growing timber as an injury to the land on which it stood for which there was no adequate legal remedy and that to obtain an injunction to prevent a trespass of that character it is not necessary to allege the insolvency of the trespasser, Judge Poffenbarger discusses the remedies available with respect to the injury to or loss of various types of property. In the opinion these statements appear: "On the theory of adequacy of the legal remedy, an injunction to prevent the sale or destruction of certain kinds of personal property will be refused, but the principles upon which this conclusion stand can not be extended to all forms of property either real or personal, and the courts do not attempt so to extend it. Compensation in damages is adequate in all those instances in which the property injured or destroyed may be substantially replaced with the money recovered as its value. For instance, the world is full of horses, cattle, sheep, hogs, lumber and many other articles. Ordinarily, one of these may be replaced by another just as good. * * *. If personal property possesses a value peculiar to its owner, or, as it is generally expressed, has a *pretium affectionis,* equity will vindicate and uphold the right to the possession thereof and immunity from injury by the exercise of its extraordinary powers. We observe, also, that the law gives a remedy for the possession of personal property, however trivial its value or character may be. It does not limit the owner to a claim for damages, unless the property has gone beyond the reach of its process. * * *. Therefore, if a man threatens to take away or kill his

neighbor's horse a court of equity will not interfere by injunction, because the owner may recover the value of that horse and buy another in the general market of substantially the same kind or value. For the same reason, it refuses to enforce specific performance of a contract of sale of a horse. But, if a man is about to destroy his neighbor's heirlooms, things having a peculiar value and insusceptible of re-placement by purchase in the market, the legal remedy is not adequate and a court of equity will, therefore, protect the possession and title of the owner by the exercise of its extraordinary power." Under the rule that equity will not interfere to prevent injury to personal property unless it has some peculiar value for which damages will not compensate, the wrongful transfer of corporate stock of a specified value will not be enjoined where the defendant is pecuniarily responsible and there is no indication that a judgment for money is inadequate, even though the stock can not be replevied because of the non-residence of the holder. *Sisson* v. *Barnum,* 134 App. Div. 53, 118 N. Y. S. 664.

It is clear that the claim of the plaintiff to equitable relief by injunction to prevent the advertised sale of his personal property must be tested by the foregoing principles and their proper application to the facts alleged in the amended bill of complaint. If the defendant enters upon the land occupied by the plaintiff and attempts to sell his personal property by transferring physical possession to himself or to any purchaser, independently of any trespass upon the land, the act of any person in taking possession of the personal property of the plaintiff would constitute a wrongful conversion of his property; and if any of the wrongdoers should injure, or destroy, or take possession of the property or any part of it, an adequate legal remedy would instantly become available to the plaintiff. In that situation, an action for damages would accrue to compensate him for the injury to or the loss of the property and an action of detinue would also lie to recover the possession or the value of the property as damages. As to the two articles of personal property now located on land owned by the defendant in his own right,

the plaintiff has an adequate legal remedy by an action of detinue to recover them or damages in the amount of their value, or by an action for damages for any injury to them or for their loss or destruction. The remedy at law, available to the plaintiff, which affords direct and just pecuniary compensation in damages for the injury incurred and costs, constitutes "what the law books call an adequate and complete remedy." See the opinion of Judge Green in *Baker* v. *Rinehard*, 11 W. Va. 238. Adequate and complete remedy at law does not, of course, cover such collateral or consequential "damages" as mental suffering, loss of time devoted to litigation, or counsel fees; but neither does adequate and complete remedy in equity extend to these items, except in instances for which special provision is made for counsel fees. Except in the situation mentioned by Judge Green, "the remedy, whether legal or equitable, is never commensurate with the injury. To say so would be to attribute to legal or equitable relief a degree of perfection, which it is very far from possessing." *Baker* v. *Rinehard*, 11 W. Va. 238.

In relation to the sale of any or all of the personal property of the plaintiff and the trespass for that purpose upon the land in his possession, the amended bill of complaint alleges no facts to show that either or both of these acts of the trespasser would give rise to a multiplicity of suits. It does not contain any allegation that the defendant or the estate of Walter Wiles is insolvent. On the contrary its averments show that the estate consists of both personal property and real estate and that the defendant in his own right, as a beneficiary under the will, is the owner of a tract of land of about sixty two acres, except an undivided interest in the timber on it. These averments indicate that both the estate and the defendant are entirely solvent The amended bill of complaint does not allege any facts which show that irreparable injury will result from the anticipated sale or trespass on the land. Though it states that the plaintiff will suffer irreparable injury, this statement is a mere conclusion not supported, but instead disproved, by other facts alleged which show

that no such injury will or can occur. A bill of complaint seeking equitable relief on the ground of irreparable injury must set forth the facts which constitute such injury; and a mere general allegation of irreparable injury is not sufficient. *Becker* v. *McGraw,* 48 W. Va. 539, 37 S. E. 532; *Schoonover* v. *Bright,* 24 W. Va. 698. Irreparable injury, with respect to property, has been said to be an injury which "is not susceptible of remediable damages.", *Mullens Realty and Insurance Company* v. *Klein,* 85 W. Va. 712, 102 S. E. 677, or which is "incapable of measurement by any ordinarily accurate standard," *Kramer* v. *Slattery,* 260 Pa. 234, 103 A. 610. The allegations of the amended bill of complaint relate to and describe articles of personal property which have no special or peculiar value to the plaintiff, and state the specific monetary value of each article. In consequence the plaintiff, upon the facts alleged, can not invoke or rely on the well recognized jurisdiction of equity to protect by injunction the possession and the title of the owner of personal property which is of special or peculiar value to him or which can not be replaced by other articles of the same type and value.

The allegations of the amended bill of complaint do not set forth any ground of equitable relief against a mere trespass by the defendant upon the land occupied by the plaintiff for the purpose of making the sale of his personal property. The foundation of the jurisdiction in equity to enjoin trespass to real estate is the probability of irreparable injury, the inadequacy of pecuniary compensation, and the prevention of a multiplicity of suits, and if the facts shown do not bring the case within the foregoing conditions, relief in equity will be denied. 1 High on Injunctions, 4th Edition, Paragraph 697. "A fundamental doctrine underlying the entire jurisdiction of equity by injunction against the commission of trespass is, that where adequate relief may be had in the usual course of procedure at law, equity will not interpose by the extraordinary remedy of injunction." 1 High on Injunctions, 4th Edition, Paragraph 699. "To warrant the interference of a court of equity to restrain a trespass on land, two

conditions must co-exist: First, the plaintiff's title must be undisputed, or established by legal adjudication; and, secondly, the injury complained of must be irreparable in its nature, unless there exist other grounds of equity." Syllabus 2, *Becker* v. *McGraw*, 48 W. Va. 539, 37 S. E. 532; *Lazzell* v. *Garlow*, 44 W. Va. 466, 30 S. E. 171; *Schoonover* v. *Bright*, 24 W. Va. 698; *Cox* v. *Douglass*, 20 W. Va. 175; *McMillan* v. *Ferrell*, 7 W. Va. 223.

The general rule is that a mere trespass to real estate will not be enjoined when the injury is not destructive of the substance of the inheritance or is not irreparable but is susceptible of complete pecuniary compensation and for which the injured person has an adequate legal remedy. *Lazzell* v. *Garlow*, 44 W. Va. 466, 30 S. E. 171. In the leading case of *Kramer* v. *Slattery*, 260 Pa. 234, 103 A. 610, the plaintiff averred in his bill of complaint that he was the owner, in possession, of land upon which was located "a certain coal dirt or culm bank" which he owned; that the defendant had unlawfully entered upon the premises and removed the coal dirt or culm, without permission, after notice refused to stop removing it, and threatened to continue to trespass upon the land and to remove the coal dirt or culm deposited upon it; and that the defendant, if permitted, would continue to remove the coal dirt or culm to the injury of the plaintiff. The plaintiff prayed that the defendant be restrained from entering upon the premises and from removing the coal dirt or culm. One of the grounds of demurrer to the bill of complaint was that it failed to show that the plaintiff was without an adequate remedy at law. The trial court sustained the demurrer and dismissed the suit. Upon appeal, the Supreme Court of Pennsylvania sustained the action of the trial court in holding that equity did not have jurisdiction of the case but reversed the judgment of dismissal and remanded the proceeding to the trial court, with directions to certify it to the law side of the court. With respect to some of the points decided, the Court held, in head note 1, that "Equity has no jurisdiction to restrain the commission of a mere, ordinary or naked trespass but may enjoin

a continued or continuing trespass", and in head note 6, that "An injunction will be granted to restrain the commission of trespass upon real estate only where the facts relied upon plainly indicate a state of affairs which in all probability would give rise to interminable litigation if prompt equitable relief were not granted; or show either torts inherently of a permanent character or circumstances strongly suggesting that the wrong complained of would, in all probability, be repeated so continuously that, by reason of their persistency, they would in effect be permanent in nature and so harassing as to amount to a harmful nuisance, so that the injury from the continuance of such acts would be irreparable." The Court did not consider the acts charged against the defendant in that case as a continuing trespass or that the resultant damage constituted irreparable injury, but held that such acts were only "a mere, ordinary or naked trespass" as to which the plaintiff had an adequate remedy at law.

Equity has jurisdiction to afford injunctive relief when a trespass on land is repeated and continuous and, if continued, will result in the destruction of the substance of the estate. And where acts of trespass are constantly recurring and the resultant injury from each separate act is trifling and the damages recoverable for each act would be very small in comparison with the expense necessary in the prosecution of separate actions at law, relief in equity will be granted because of the inadequacy of the legal remedy. 1 High on Injunctions, 4th Edition, Paragraph 702a; *Bent* v. *Barnes,* 72 W. Va. 161, 78 S. E. 374. "The principal reason assigned as a basis for an injunction against continuous trespasses is that the remedy at law for damages is inadequate." 32 C. J. 140. From the allegations of the amended bill of complaint, however, it is obvious that any trespass committed by the defendant upon the land for the purpose of selling the personal property of the plaintiff would not be continuing or recurrent or result in irreparable injury. In all probability, the prospective purchasers or persons entering upon the premises with him would be few in number in view of the small

amount of property subject to sale. It is not likely, for the same reason, that there would be any continuance of the sale or that any subsequent additional entry would occur for that or any other purpose. Any entry by the defendant and other persons with him would most probably be simultaneous and limited to a single occasion, and would constitute "a mere, ordinary or naked trespass" which equity is without jurisdiction to enjoin and for which the plaintiff has an adequate remedy at law to recover compensation for any resultant injury.

The case of *Dunn* v. *Baxter*, 30 W. Va. 672, 5 S. E. 214; though not exactly in point, is of interest with respect to the attitude of this Court in denying jurisdiction of a court of equity to restrain a sale of personal property. In that case the plaintiff, who claimed to own a small shop, occupied by her husband, a judgment debtor, obtained an injunction to prevent the sale of the shop under an execution. From the evidence it appeared to be doubtful whether the shop because of the character of its construction was personal property or real estate, and that, whatever its nature, neither it nor the land on which it was located, was owned by the plaintiff, but that it was owned, paid for and possessed by her husband, the execution debtor. This Court reversed the decree of the circuit court, dissolved the injunction and dismissed the suit. In the syllabus this Court held: "An injunction will not lie in this State to restrain the sale of real estate under an execution issued for a private debt. Nor will it lie to restrain the sale of personal property which is owned by a third party, and not the execution debtor, unless it is shown that irreparable damages will result therefrom." In the opinion Judge Snyder, speaking for this Court, said: "Neither according to the law nor the facts, was the plaintiff entitled to any relief. If the shop was a part of the realty of the plaintiff, as alleged in the bill, then a sale of it could not affect the title of the plaintiff in any manner. It would not even cast a cloud upon her title, because a sale, or attempted sale, of real estate, under an execution for a private debt, in this State, is an absolute nullity, and would

94

confer upon the purchaser no right or title whatever. * * *. But if the bill could be construed to be a proceeding to restrain the sale of personal property for the debt of a third person, it could not be maintained. *Baker* v. *Rinehard,* 11 W. Va. 238; *White* v. *Stender,* 24 W. Va. 615." It would seem that the plaintiff in the *Dunn* case, as a claimant to personal property about to be sold under the levy of an execution, had an adequate statutory remedy at law, but that question was not developed or passed upon in the case.

It is significant, as indicative of the lack of jurisdiction in equity to restrain a sale of personal property which possesses no peculiar value to its owner, that no reported case has .been cited by counsel, or found by this Court after diligent search, in which acts of the character alleged in the amended bill of complaint in this suit have been prevented by a court of equity in the exercise of its power to award injunctive relief.

As the amended bill of complaint does not set forth any ground of equitable jurisdiction, the demurrer of the defendant, for that reason, should have been sustained. In consequence, it is unnecessary to consider or discuss the third and fourth grounds assigned by the defendant in support of the demurrer.

The ruling of the circuit court upon the demurrer is reversed.

*Ruling reversed.*