# CIRCUIT COURT OF THE CITY OF RICHMOND

School Board of the
City of Richmond

v.

L. Douglas Wilder et al.

April 6, 2007

Case No. CL07-1609-1

BY JUDGE MELVIN R. HUGHES

The City of Richmond School Board has brought this action by a Complaint and Petition for Writ of Mandamus. Praying for preliminary and permanent injunctive relief as well, the School Board seeks the relief on the evidence that, beginning March 14, 2007, the defendants, the Mayor of the City of Richmond and the Director of Finance of the City, reduced the amounts of its weekly requests for appropriated funds which heretofore have been routinely, regularly honored. The case is before the court presently on the School Board's motion for a temporary injunction.

The funds cover an appropriation from City Council for fiscal year 2006-2007, $260,071,249. The evidence revealed that, historically, the weekly requests for draws by the School Board have always been met even when the City has insufficient funds on hand in cash to meet them. In such instances, the City borrows what is needed to fund the requests. Usually this occurs at times during the fiscal year when City revenue is down. The defendants reduced the requests by half but have not reduced school system salaries. Many vendors, other payee-contractors, and withholdings like child support however are unpaid. The defendants take the position that the disbursements they are called on to make implicate City finances and that discretion and care

necessarily have to be used in the financial management of City resources. The School Board argues that, once funds have been appropriated for the public schools, City officers have no authority in law to interfere with the receipt by the School Board of those funds or to impose terms on the School Board as a condition of their receipt. The parties' dispute centers on a request by the City to the School Board for more auditing. To date, the City's withholdings amount to about $4 million.

The powers and duties of school boards in Virginia stem from the Virginia Constitution, Art. VIII, § 7:

> The supervision of schools in each school division shall be rested in a school board, to be composed of members selected in the manner, for the term, possessing the qualifications, and to the number provided by law.

Under law, the school board is "a body corporate and, in its corporate capacity, is vested with all the powers and charged with all the duties, obligations, and responsibilities imposed upon school boards by law. . . ." See Va. Code § 22.1-71. This includes the power to sue and be sued, to contract, to hold, lease, convey property, etc. Va. Code § 22.1-71.

The law mandates that, each year, the City, through City Council, prepare and approve the School Board's annual budget. With respect to funds appropriated for schools, which funds the City is obligated by law to provide through property tax revenue, the statutes provide for certain requirements for a budget, budget request approval and appropriation for schools, etc. The City Finance Officer is charged with the "receipt, custody, and disbursement of the funds of the school board." Va. Code § 22.1-116. The School Board's requests have not been to disburse the whole amount of the appropriation, rather requests are made weekly, most times twice a week during the fiscal year. Again, these have been regularly, routinely honored until March 14, 2007. It is the court's view that, although the requested relief can apply, under the facts and circumstances of this case, the relief should not be granted due to another remedy the school board has available under law at the end of the fiscal year.

Mandamus is an extraordinary remedy which may be used to compel a public official to perform a duty which is purely ministerial and which is imposed upon the official by law. *Richlands Medical Ass'n v. Commonwealth, ex rel. State Health Comm'r*, 230 Va. 384, 386, 337 S.E.2d 737, 739 (1985). The court has also said:

A writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion. Due to the drastic character of the writ, the law has placed safeguards around it. Consideration should be had for the urgency which prompts an exercise of the discretion, the interests of the pubic and third persons, the results which would follow upon a refusal of the writ, as well as the promotion of substantial justice. In doubtful cases the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and *where there is no other available specific and adequate remedy* the writ will issue.

*Gannon v. State Corporation Commission,* 243 Va. 480, 482, 416 S.E.2d 446 (1992) (citations omitted; emphasis added).

No Virginia Supreme Court case has definitively set out standards to be applied in granting or denying a preliminary injunction. This court has followed standards delineated in the four-part test used by the federal courts. Under the four-part test, a party seeking the injunction must show the following:

(1) A substantial likelihood that the movant will ultimately prevail on the merits;

(2) A showing that the movant will suffer irreparable injury unless the injunction issues;

(3) Proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

(4) A showing that the injunction, if it is issued, would not be adverse to the public interest.

*Hampton Roads Shipping Association v. International Longshoremen's Assn.,* 597 F. Supp. 709 (E.D. Va. 1984).

Irreparable injury is an injury which is not susceptible to remedial damages or which is incapable of measurement by any ordinary standard. *Wiles v. Wiles,* 134 W. Va. 81, 58 S.E.2d 601 (1950). The court believes that the first two factors need be considered on this application for extraordinary relief. Because the court is not convinced that the School Board is not likely to prevail in this case and due to the lack of irreparable injury, its request for a temporary injunction must be denied.

Under Va. Code § 22.1-116, the City's financial officer, in this case the Director of Finance, "shall settle with school boards for the school funds as of June thirtieth of each year not later than August fifteenth of each year." Under Va. Code § 22.1-121, the School Board can institute a proceeding to compel the defendants to disburse funds if it has not received the full appropriated amount. There is no dispute that the defendants have committed to providing the full appropriated amount by the end of the present fiscal year. The court should not now intervene on a temporary basis when the availability of an alternate remedy provided by law is not remote and there is no showing of irreparable harm on evidence that some of the school board's obligations are paid and some are not. There has been no testimony or evidence from any witness other than there are some school board bills outstanding. There was evidence that the School Board has prudently prioritized payments to vendors and others so that essential services can be maintained while payments on other obligations are deferred until funds become available. As the end of the fiscal year approaches, the administration has promised to provide the full complement of funding under the School Board's appropriation. These circumstances do not entitle the School Board to temporary relief pending the outcome of the proceedings in a final order. The fiscal year is winding down. Coming as it does this late in the fiscal year, the School Board has failed at this stage of the proceedings to demonstrate irreparable harm if it does not receive the balance of its appropriation in roughly two months, in light of the statutory remedy available to it at the end of the fiscal year under Va. Code § 22.1-121. The School Board's rights will soon ripen to a cause of action for the same redress it calls on the court now to monitor and redress.

For the foregoing reasons, the School Board's request for a preliminary injunctive and mandamus relief will be denied.