# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Donna L. Midgette

    v.

Arlington Properties, Inc.,
Arlington Chesapeake, L.L.C.,
and Dale Old Wrecker Service, Inc.

May 9, 2011

Case No. (Civil) CL11-111

By Judge Marjorie T. Arrington

This matter is before the Court on the defendants' demurrer to the plaintiff's four-count complaint. In consideration of the complaint, the demurrer, and the arguments of counsel heard March 30, 2011, the Court sustains the demurrer to all counts but provides the plaintiff with leave to amend.

## I. *Facts*

This case stems from the alleged blockage of a thirty-foot easement serving 417 Medical Parkway, Chesapeake, Virginia, and the alleged seizure of items from said property. Plaintiff owns the subject property, while defendant Arlington Chesapeake is constructing the Tapestry Park apartment complex on adjacent parcels.

Arlington Properties, Inc., and Arlington Chesapeake, L.L.C. (the "Arlington defendants") allegedly blocked the thirty-foot easement with building materials, structures, vehicles, heavy construction equipment, concrete curbing, and concrete islands, thus hindering plaintiff's access to the 417 Medical Parkway parcel.

Defendant Dale Old Wrecker was allegedly engaged by one or both of the Arlington defendants to remove plaintiff's property from the subject parcel and the thirty-foot easement. Dale Old Wrecker attempted to remove such property on October 6, 2010, but was stopped by plaintiff and the Chesapeake Police. Ultimately, on November 2, 2010, Dale Old Wrecker allegedly removed the following items from the subject property/easement: (1) Renken nineteen foot Pleasure Craft; (2) Shorelander boat trailer; (3) Vermeer stump grinder; (4) Spacecraft pleasure boat; (5) Venture boat trailer; (6) Ford F350 pickup truck; (7) Ford F150 pickup truck; (8) Ford D350 dump truck.

Plaintiff subsequently demanded return of these items on December 1, 2010, but defendant Dale Old Wrecker refused to return such property.

## II. *Demurrer Analysis*

### A. *Demurrer Standard of Review*

In ruling on defendants' demurrer, the Court examines the legal sufficiency of the facts alleged in the pleadings, not the strength of proof provided therein. *See, e.g., Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Consequently, all facts alleged in the complaint and those "reasonably and fairly implied" from these allegations are admitted as true by the demurrer. *E.g., Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006); *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134, 136–37 (2001). It is simply unnecessary for the complaint to delve into detailed statements of proof to survive a demurrer. *E.g., CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). The reviewing court may furthermore examine any exhibits attached to the complaint in ruling on a demurrer. *See, e.g., id.* (citing *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)).

In sum, at the demurrer stage, the trial court is making a bare determination of sufficiency, and must take care to not "incorrectly short-circuit[] litigation pretrial." *E.g., id.* (citing *Renner v. Stafford*, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993)).

### B. *Count I: Statement of the Claim*

In her first count, plaintiff fails to set forth a cause of action; rather, this count is exactly as titled, a "statement of the claim." While the facts recited in Count I are certainly relevant to the substance of plaintiff's complaint, such facts may not properly stand alone as a count, absent the proper pleading of a cause of action. *See, e.g., Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007) ("The purpose of a demurrer

is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted.").

Consequently, defendants' demurrer to Count I is sustained. Plaintiff is granted leave to amend, however, and obviously may otherwise incorporate the facts contained in Count I in her amended complaint.

## C. *Count II: Injunctive Relief*

In order to adequately state a claim for permanent injunctive relief, a plaintiff must allege irreparable harm and the lack of an adequate remedy at law. *E.g., Wright v. Castles*, 232 Va. 218, 224, 349 S.E.2d 125, 129 (1986); *Manchester Cotton Fields v. Town of Manchester*, 66 Va. (25 Gratt.) 825, 831–32 (1875); *see generally Blue Ridge Poultry & Egg Co. v. Clark*, 211 Va. 139, 176 S.E.2d 323 (1970).

While the Supreme Court of Virginia has not described the pleading elements necessary for a temporary injunction to issue, this Court, alongside other circuit courts in the Commonwealth, *see, e.g., School Bd. of Richmond v. Wilder*, 73 Va. Cir. 251, 253 (Richmond City 2007), applies the four elements articulated by the Fourth Circuit:

> (1) the likelihood that the plaintiff will suffer irreparable harm without a preliminary injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the likelihood that the plaintiff will prevail on the merits of the claim; and (4) the impact of an injunction on the public interest.

*Villalobos v. City of Norfolk*, 62 Va. Cir. 158, 158–59 (Norfolk City 2003) (citing *Hughes Network Sys. v. Interdigital Commc'n Corp.*, 17 F.3d 691 (4th Cir. 1994); *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977); *MFS Network Techs., Inc. v. Commonwealth*, 33 Va. Cir. 406 (1994)).

Because the plaintiff has not specified which type of injunction is sought, the Court analyzes the complaint for sufficiency with regard to both types of injunction, despite the fact that the relief sought is more of a permanent nature. For the reasons stated below, the Court finds the pleadings lacking in either instance.

With respect to a permanent injunction, the plaintiff has not alleged either of the elements necessary for issuance; the complaint does not allege irreparable harm or inadequacy of remedy at law. Correspondingly, the complaint does not provide adequate pleadings of irreparable harm or the likelihood that plaintiff will prevail on the merits of the case necessary for a temporary injunction.

Therefore, the demurrer is sustained to Count II of the complaint, and plaintiff is provided leave to amend.

## D. *Count III: Compensatory Damages*

While the complaint alleges willful conduct and negligence by the defendants, plaintiff has not established in Count III the elements of any tortious cause of action, intentional or negligent.

To survive demurrer, a count alleging negligence must contain four basic elements: (1) a duty owed to plaintiff by defendant; (2) a breach of such duty; (3) proximate causation of the plaintiff's injury; and (4) resulting damage to the plaintiff. *See, e.g., Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 218, 624 S.E.2d 55, 61 (2006) (citing *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951)).

Count III of the complaint does not allege any duty owed by the defendants to plaintiff and furthermore does not claim any breach of duty by the defendants. Rather, the complaint merely states that plaintiff suffered injury due to "willful conduct and negligence" of the defendants. This conclusory statement does not state a claim for negligence upon which relief may be granted.

Likewise, an allegation of "willful conduct," without more, is insufficient to support recovery on any theory of intentional tort. The Court will not list the various theories of recovery possible upon the facts as presented in the complaint; however, as currently pleaded, there is no potential recovery upon a facial allegation of "willful conduct."

Defendants' demurrer to Count III is consequently sustained, and leave to amend is granted to plaintiff.

## E. *Count IV: Punitive Damages*

There must be a cause of action upon which punitive damages may be predicated; they cannot exist in a vacuum. *See, e.g., Koffman v. Garnett*, 265 Va. 12, 17, n. 1, 574 S.E.2d 258, 261, n. 1 (2003) ("Because . . . a cause of action for an intentional tort was sufficiently pleaded, on remand, the Koffmans may pursue their claim for punitive damages."). Plaintiff has failed to adequately plead any cause of action in her complaint, leaving her claim for punitive damages without foundation.

Assuming for the sake of argument that punitive damages could be recovered absent any underlying cause of action, plaintiff fails to allege that defendants' conduct was "willful and wanton," or at minimum, that "wrongs [were] repeatedly committed against the plaintiff." *Wood v. American Nat. Bank*, 100 Va. 306, 308, 40 S.E. 931, 931 (1902).

Because no cause of action is adequately alleged, defendants' demurrer to Count IV is sustained. Plaintiff is provided leave to amend her complaint and properly allege punitive damages.

## III. *Conclusion*

Because the complaint fails to adequately allege any cause of action, defendants' demurrer is sustained to all counts; however, the plaintiff is granted leave to amend.